CASE 8—PETITION EQUITY—JUNE 11.

# Montgomery, gdn., &c., vs. Montgomery.

APPEAL FROM DAVIESS CIRCUIT COURT.

The Daviess circuit court has no jurisdiction of a proceeding to sell the lands of infants, situated in Nelson county, on the petition of their guardian, although the land descended to them from their father, who was domiciled at the time of his death in Daviess county, and his personal representatives qualified in that county.

A. G. BOTTS,        For Appellant,

CITED—

*Civil Code, title* 5, *secs.* 97 *and* 539.
*Rev. Stat., chap.* 86.

VOL. II—4

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was a proceeding by petition, filed in the Daviess circuit court, by the appellant, as guardian of Amelia and Magdalen Allen, infant children of Joseph Allen, deceased, for a sale of a tract of seventy-four and one half acres of land lying in Nelson county, and which descended to said infants from their father. It is alleged in the petition that said Joseph Allen was domiciled in Daviess county at the time of his death, and that his personal representatives were qualified in that county.

The circuit court having dismissed the petition for want of jurisdiction, the sole question involved by this appeal is, whether the Daviess or the Nelson circuit court had jurisdiction of the proceeding.

The 1st *section of article* 3 *of chapter* 86, *of the Revised Statutes, volume* 2, *page* 304, provides that " the real estate of an infant, idiot, or lunatic, held by descent, devise, or by contract, whether in possession, reversion, or remainder, may, on a petition to the circuit court of the county in which the same or the greater part thereof lies, be decreed to be sold."

It is insisted, however, that so much of the foregoing section as restricts that jurisdiction to the county in which the land or the greater part thereof lies, where, as in this case, the land is held by *descent*, is constructively repealed by the 97*th section of the Civil Code*, which declares that—

" An action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale of real property or slaves descended from him, must be brought in the county in which his personal representative was qualified."

The fact that this provision of the Code relates exclusively to actions for the settlement or distribution of es-

Montgomery, gdn., &c., vs. Montgomery.

tates in which, generally, the personal representative is a necessary party, while the 86th *chapter of the Revised Statutes* provides for the sale of the real estate of infants generally, whether derived by descent, devise, or contract, conduces strongly to the conclusion that the Legislature did not intend that the foregoing section of the Code should operate to change or modify the more comprehensive enactment of the Revised Statutes.

But any doubt which might otherwise exist on this subject is, in our opinion, removed by the 15th *chapter of title 10 of the Code,* of which section 539 provides, " that the provisions of the *Revised Statutes, in chapter* 86, shall regulate the proceedings for the sale of the real property, and slaves of infants, married women, and persons of unsound mind, except as provided in the following sections." The succeeding sections of the chapter do not affect the question of jurisdiction arising in this case.

We are therefore of the opinion that the Daviess circuit court had not jurisdiction of the proceeding, and the court therefore properly dismissed the petition.

Wherefore, the judgment is affirmed.