JUDGE HARDIN
delivered the opinion oe the court.
This was. a proceeding, under the provisions of section. 548 of the Civil Code of Practice, for tbe sale of certain Bouses and lots in tBe city of Newport, wBipB descended from Mrs. Agatha Logan, deceased, to her cBildren, part of wBom were infants.
*9 The petition was filed by Agatha Logan, then the only adult heir of said decedent, against the statutory guardians of her infant co-heirs, who were not made parties, alleging that the buildings on each of said lots were of more value than the land, and that a division of the lots between the heirs would materially impair their value; and praying, ón those grounds, a sale of the property, and a division of its proceeds, subject to the restrictions of said section of the Code.
The guardians answered the petition, concurring in its statements, and uniting in the prayer for a sale; and in the progress of the suit one of the infants became of age, and, being made a party to the suit, concurred with the plaintiffs in the petition.
Upon proof of the material facts alleged, a judgment was rendered directing a sale of the property, Benjamin Beall being therein appointed to take care of the interest of said infants.
Under said judgment the property was sold in two parcels, and B. H. Frame became the purchaser of one of them at the price of $3,175, and Elizabeth Girty purchased the other at the price of $3,000; but, as the commissioner reported, both purchasers refused to execute bonds as required by the judgment. Thereupon the court awarded a rule against them, requiring them, in effect, to show why they failed to execute said bonds; and they appeared and excepted to the report of sale, and relied on their exceptions in response to the rule. The court overruled the exceptions, and adjudged that the rule be made absolute, and that an attachment go against the purchasers for their failure to sufficiently respond to the rule; and they have appealed from the judgment to this court.
It appealing in the record that Mrs. Logan was domiciled in Jefferson County at the time of her death, it is *10 contended that, according to section 97 of the Civil Code, the action could only have been brought in that county, and that the Campbell Circuit Court therefore had no jurisdiction of the action. Said section 97 provides that ‘‘ an action for the distribution of the estate of a deceased person, or for its partition among his heirs, or for the sale of real property or slaves descended from him, must 15e brought in the county in which his personal representative was qualified.”
As suggested by this court in the case of Montgomery, guardian, &c. v. Montgomery, 2 Bush, 49, this provision of the Code seems to relate exclusively to actions for the settlement or distribution of estates in which generally the personal representative is a necessary party, while section 543, supra, provides that “where town or city lots, or land outside of a town or city, but having on it a building of more value than the land, shall be held by or in trust for coparceners, joint-tenants, or tenants in common, some of whom are infants or persons of unsound mind,” the court may adjudge the sale of the property.
It is obvious that this provision comprehends a numerous class of cases in which the property sought to be sold may not have been acquired by descent; and it is not to be presumed that the legislature intended to restrict the operation of section 543 of the Code to the particular state of case embraced by section 97. It, moreover, often happens, and so far as appears from the record it is so in this case, that land may be held by descent from a decedent of whom no personal representative has ever qualified. "We are therefore of opinion that the jurisdiction of the court in this case is not controlled by said section 97 of the Code.
It is unnecessary to decide in this case whether the action is embraced by the 93d section of the Code, and consequently restricted to the county in which the prop *11 erty is situated, or not; for if it is not, as the defendants appeared and failed to object to the jurisdiction, although not served with process in Campbell County, the objection must be regarded as having been waived.
But on other grounds the judgment is deemed erroneous, and must be reversed. The mode of proceeding in this case is not regulated by the provisions of the 86th chapter of the Revised Statutes, but is excepted'from its operation by the 539th section of the Code; and said section 543, so far from authorizing the proceeding against the guardians of the infants instead of the infants themselves, provides that the petition may be filed by part of the owners of the property “against the others.”
There is nothing in this case to make it an exception to the general rules prescribed by sections 36, 55, and 56 of the Code, which are, in effect, that those who are united in interest must be made parties; and that no judgment can be rendered against an infant until after a defense by a guardian, who can only be appointed after service of process on the infant, unless he is otherwise before the court. (Pond v. Doneghy, 18 B. Mon. 558.)
The infant children of Mrs. Logan not having been made parties to the proceeding in any manner, the judgment of sale was irregular and erroneous, if not void as to them. The court therefore erred in awarding the peremptory rule and attachment against the appellants.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion; the parties being allowed to file amended pleadings, should they wish to do so, for the purpose of perfecting the sale, if in their power.