CASE 4—PETITION EQUITY—JANUARY 11.

# Manikee's Adm'r v. Beard.

APPEAL FROM NELSON CIRCUIT COURT.

TRANSFER BY HUSBAND IN FRAUD OF WIFE'S MARITAL RIGHTS.— Where the husband, in contemplation of death, gives to his children the whole of his personal estate, including his money, choses in action, etc., with the fraudulent intent to deprive his wife of the interest therein to which she would be entitled as his widow, the gift will be set aside at the instance of the widow, in so far as it affects her rights, and it is no response to her claim that her dower interest in the land left by her husband is sufficient to support her.

E. E. McKAY FOR APPELLANT.

Where the husband, in contemplation of death, transfers his personal property for the purpose of depriving his wife of her distributable share, the transfer will be set aside at the instance of the widow. (Stone v. Stone, 18 Mo. (3 Bennett), 392; Tucker v. Tucker, 29 Mo. (Jones), 352; Tucker v. Tucker, 32 Mo. (1 Whiting), 468.)

The proof in this case shows that the object of the gift to appellee was to deprive appellant of her distributable share in the property

WM. JOHNSON FOR APPELLEES.

1. As the question as to the ownership of the property in controversy was submitted to the court without the intervention of a jury, the appellant's failure to request the court to state in writing the conclusions of fact found separately from the conclusions of law, is fatal to the appeal. (Civil Code, sec. 332.)

2. Advancements made to distributees are not to be taken as part of the decedent's personal estate in estimating the distributable share of the widow therein. (Gen. Stat., chap. 31, sec. 16.)

The gift to appellee of the property in controversy was intended by her father as an advancement to make her equal with a deceased daughter and her children.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant is the widow and administratrix of Elisha Manikee, deceased. She was his second wife and had no children. His first wife was the sister of appellant, and at her death left children. The deceased husband at his death owned considerable real estate and some personalty. He had, a few days prior to his death, some twelve or fourteen hundred dollars in money and · cash notes on persons within his county, amounting in all to near twenty-five hundred dollars; that all seems to have been found in the possession of the appellee, who was a daughter by his first wife. The appellant brought this action as widow and administratrix, claiming that this money and the notes belonged to her intestate, and that she was entitled to it for the purposes of distribution. Besides, that the gift to the daughter, if made, was in fraud of her marital rights, and executed for the express purpose of preventing her from sharing in the distribution. She also claimed some cattle and hogs that she alleged belonged to her intestate, and asked judgment for their value. .

As to the cattle and hogs, we are inclined to adjudge they belonged to the appellee, and were the natural increase of stock she had carried to her father's farm when she moved upon it, and the judgment to that extent will not be disturbed; but as to the money and notes, there is some difficulty in sustaining the judgment below.

The intestate was sick for about four weeks, and during this last illness, and not long prior to his death, he gave to his daughter all the money and cash notes

he owned, leaving nothing for distribution but the proceeds of the stock, farming utensils and household furniture. His wife, so far as the proof shows, was kind to her husband, and there was no motive for his conduct except his purpose, that seems to have been fixed, to prevent his widow from sharing in the distribution.

The appellee says that she accepted the gift with a trust upon it, giving five hundred dollars to her for the education of her son, and five hundred dollars for the education of a son of her sister, and the balance, after paying for a tombstone or monument, the appellee was to have. There was doubtless some ill feeling on the part of the husband towards his wife, as it is proven that he said the reason he gave the money to his daughter to purchase the monument was, that he knew his wife would not expend it in that way. When the wife applied to him for money to purchase beef, etc., for the family, he said he had given it to his daughter, and she would use what was necessary for that purpose. The appellee establishes by other testimony the several trusts set up, and also the gift and assignment of the notes, and also shows that one reason assigned for the gift was to make this daughter, the appellee, equal in advancements made to his other daughter.

The right of the father to give to his children money, choses in action, as well as goods and chattels, during the life of the wife or the existence of the marital relation, cannot be questioned; but when such a gift is made with and for the purpose of defrauding

the wife, it will be set aside to the extent it may affect her rights as widow.

The widow was entitled to one third of the proceeds of the personalty, after the payment of debts, in her own right, and here, in the last illness of the husband, he makes a secret gift of all his money and cash notes to his daughter, not retaining enough in his own possession to provide him with the comforts of life, and says to his wife, my daughter has the money; she will supply what may be necessary for that purpose.

This was done in accordance with a fixed purpose on his part, previously declared to two or more witnesses, that he intended to so arrange matters as to prevent his wife from sharing in the distribution of his estate, and, as far as he could do so, that purpose seems to have been accomplished.

That one with children should, during a period of years, while the marital relation existed, give to his children money, goods or chattels, in discharge of his parental obligation to them, so as to affect the marital rights of his widow at his death, could be no cause for presuming fraud or disturbing the gifts; but where the husband makes known his purpose to dispose of his money, choses in action, etc., with the design to defraud the wife, and in his last illness, in the absence of his wife, and in contemplation of death, gives the whole of his personalty, including his money, choses in action, etc., to his children, the Chancellor will not long hesitate in restoring to the widow the rights of which she has been fraudulently deprived. That the husband owned land, and the dower interest was sufficient to support the wife, is no response to this claim

by his widow.  She was entitled to one-third of this money and the cash notes, and the appellee must account for it.  The trust, however, should be enforced, as the widow has no interest in that fund.

The debts seem all to have been paid.  Now the Chancellor will ascertain the amount of money received by the appellee, the amount of the cash notes received and collected, or that are solvent, and will then give to the widow the one-third of the amount, with interest, from the filing of this petition.  He will then set apart to the son of the appellee five hundred dollars out of the fund, and to the son of the other daughter five hundred dollars, and this money will be paid over to a trustee, to be applied as the intestate directed. Each one of the distributees should account for their portion of the cost of the monument, the widow contributing an equal sum with the others, and deducted from her claim.  This leaves the settlement as made by the widow undisturbed, and the two funds can be distributed without mingling the one with the other. The judgment below is reversed, and remanded for proceedings consistent with this opinion.

The parties for whom the trust was created in this case were not parties to the fraud upon the widow, and therefore should not be held to share the losses with those perpetrating it.  The children, who are all parties, appellees here, are not liable for the costs, and no execution will be awarded against them.