Minsharr, J.
William B. Doyle having executed his will, died August 6, 1890, leaving a considerable estate in real and personal property. By his will, after making a bequest of $1000, to a daughter, and a like sum to the children of his brother, he disposed of all the residue of his property real and personal to his other children, making no provision whatever for his wife, Douisa K. Doyle, who .survived him. The estate being substantially settled and ready for distribution, the executor, one of the sons .of the testator, commenced a suit in the common pleas of the county for instructions as to the distribution of the personalty, all interested being made parties. The petition avers that the widow being cited by the probate court, “refused to take under the will;” that some of the children claim that, as no provision is made for her in the will, the widow is entitled to no portion of the personalty on distribution, and have requested him, if there is any doubt about the justice or legality of the claim, to have it settled in the proper legal tribunal.
The common pleas held that she is entitled to the same portion of his personalty that she would have been, had *338 her husband died intestate, that is, one-half of the first four hundred dollars, and one-third of the balance on distribution. On appeal, the circuit court held otherwise, and directed the distribution to be made to the legatees as provided in the will. The widow prosecutes error to reverse this judgment, and for a judgment that, as to her, the distribution should be made under section 4176, Revised Statutes, as if her husband had died intestate.
The question depends upon the proper construction of this section, found in the chapter of the Revised Statutes regulating the descent and distribution of the estates of persons dying intestate, read in connection with certain sections of the chapter regulating the making and construction of wills. These sections so far as applicable to the question are here inserted for convenience in its discussion:
“Section 4176: When a person dies intestate and leaves no children or their legal representatives, the widow or widower shall be entitled, as next of kin, to all the personal property which is subject to distribution upon settlement of the estate; but if the intestate leaves any children or their legal representatives, the widow or widower shall be entitled to one-balf of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution.”
“Section 5963: If any provision be made for a widow or widower in the will of the deceased consort, the probate court shall, forthwith, after the probate of Such will, issue a citation to such widow or widower to appear and elect whether to take such provision, or be endowed of the lands of the deceased consort and take the distributive. share of the personal estate; * * * but the widow or widower shall not be entitled to both, unless it plainly appears by the will to have been the intention that the widow or widower should have such provision in addition to the dower and such distributive share.”
“Section 5964: The election of the widow or widower to take under the will, shall be made in person, in the probate court of the proper county, except as hereinafter *339 provided; and on the application of a widow or widower to take under the will, it shall be the duty of the court to explain the provisions of the will, the rights under it, and by law in the event of a refusal to take under the will. The election of the widow or widower to take under the will shall be entered upon the minutes of the court; and if the widow or widower shall fail to make such election, the widow or widower shall retain the dower, and such share of the personal estate of the deceased consort as the widow or widower would be entitled to by law in case the deceased consort had died intestate, leaving children. If the widow or widower elect to take under the will, the widow or widower shall be barred of dower and such share, and take under the will alone, unless as provided in the next preceding section; but such election by the widow or widower to take under the will shall not bar the right to remain in the mansion of the deceased consort, or the widow to receive one year’s allowance for the support of herself and ' children, as provided by law, unless the will shall expressly otherwise direct.”
The argument of the residuary legatees against the claim of the widow to one-half of the first four hundred dollars and one-third of the remainder of the personal estate of her deceased husband on distribution, is based upon a construction given to the language of the foregoing sections, and the power given him by statute to dispose of all his real and personal estate by will. Section 5914 Revised Statutes. Noting the fact that section 4176, giving her this portion of her husband’s estate, is limited to where he dies “intestate” leaving children, and that sections 5963 and 5964, of the chapter relating to wills, apply in terms only to where provision is made for her in the will of her deceased husband, they claim, that as he did not die “intestate,” and made no provision for her in his will, she is within the provisions of neither of these sections, and is, therefore, entitled to no part of his personalty subject to distribution, since, in the exercise of the power given him by statute to make a will, he has bequeathed it all to his children.
*340 We do not accept this construction. A careful consideration of the language of these sections shows, as we think, a clear recognition of the right of a widow to a portion of the personalty of her deceased husband on distribution, that is beyond his power to affect by any will he may make, unless she assent to it. • And this is in accordance, not only with the general understanding on the subject, but, also, with the liberal policy that has always prevailed in our law toward the widow.
The only ground for any question as to her rights, arises where the husband makes a will, disposing of all his property to others, without making any provision for his wife. Where he makes no will—dies intestate leaving children,' the right of the widow to one-half the first four hundred dollars, and to one-third of the remainder of his personalty, subject to distribution, is secured to her by the provisions of section 4176; and this seems to have been the law from the formation of the state. Where he makes a will containing ■ a provision for his wife, she is not compelled to accept the provision so made, but may renounce it and take under the provisions of section 4176, as if her husband had died intestate. But where provision is made for her in the will of her deceased husband, the statute requires that she shall be cited by the probate court to elect whether she will take such provision “or be endowed of the lands of the deceased consort and take the distributive share of the personal estate;” and it is in the language of the statute regulating • this subject, that we get the clearest recognition of the independent right of the widow to a distributive share of the personal estate of the deceased husband, a right that she may renounce, but of which she cannot be deprived by his will. Why cite her to make an election, if she has not a right at law which she may retain if she chooses? No election can be made by any one between something and nothing. There is no alternative. The term necessarily connotes at" least two things between which a choice can be made. Hence the requirement “ to appear and elect,” necessarily implies that the widow has a right at law to a distributive portion of her deceased husband’s personal estate, *341 which, she may retain or renounce at her election. But again the language is, “if she shall fail to make such election” she “shall retain her dower and such share of the personal estate” as she “would be entitled to by law,” had her husband died intestate; and finally if she elect to take under the will, she “shall be barred of her dower and such share,” unless it plainly appears by the will to have been the intention that she should have both. One cannot in any proper sense, be said to retain that which he does not possess, nor to be barred of it by electing to take something else^ So that the language employed in these two sections, regulating the matter of her election, import as plainly as language can make it, that the widow’s right to a distributive share of her deceased husband’s personal estate, exis'.s at law, and is not dependent, either upon his dying intestate, or upon his making some provision for her in his will, where he dies testate. That which is plainly implied in the language of a statute, is as much a part of it as that which is expressed. Endlich Interp. Stat. §417, finis; Cincinnati v. Oliver, 31 Ohio St., 377. No statute should be so construed as to lead to an absurd result. A contrary construction leads to this: That if a husband makes any provision in his will for his wife, however small, and dies leaving children, she may renounce this and take her distributive share of his personalty, as if he had died intestate; but if he makes no provision for her, then she can receive nothing as a distributee. This could not have been the intention of the legislature, and can only be arrived at by the most rigid adherence to the letter of the statute, and a total disregard of the intention as disclosed by the language, and the liberal policy of the law on the subject. Qui haeret in liter a, haeret in cortice. Courts are not confined to the letter of the law in giving it a construction. A statute must be construed with reference to the subject matter of it, and its real object and true intent. Gholson & Okey, Dig. 490. The evident understanding of the legislature of the case where a husband dies leaving a will in which no provision is made for his wife, is, that as to her he dies intestate, and she takes a distributive portion of his personalty under the provision of section 4176. No citation *342 is required in such case, for nothing being given her by the will, she can make no election between its provisions and her rights at law, and she takes the latter under the provisions of the above section, as the widow of one who, as to her, died intestate,
By the statutes of Kentucky a widow, when not satisfied with the provision made for her in the will of her deceased husband, may renounce the same, and is theii entitled to such share of his personal estate as if he had died intestate; but if she makes no renunciation, she takes no more of his personal estate than is given her by the will. In Cummings, Ex'r, v. Daniel et al., 9 Dana, 361, no provision had been made in the will of the testator for his wife. Pie left a considerable personal estate which he devised to his own kindred. The widow made no renunciation, and the legatees claimed all. The court said: “It is very clear that the renunciation contemplated by the twenty-fourth section can have application only to cases in which some provision has been made for the wife by the will of her deceased husband. * * >;< * But wjien no provision is made for her by the will, there is nothing to release or renounce. And to require a release or renunciation in such a case, would be to require a vain and idle act, which could accomplish no object, as there is nothing upon which the release or renunciation could operate, and which is not enjoined by the letter or spirit of the section.” Then referring to the two sections of the Statute, and the claim based upon the'r letter, that the widow could take nothing under either, said: “Though the literal import of the two sections may tend to such a conclusion, we cannot believe that such is the spirit of the enactments, or was within the contemplation or intention of the legislature. * >¡í * We cannot believe that the legislature intended that where something was left to her (the widow), by will, she might release, and throw herself upon the provision made and intended to be secured to her by law; but where nothing was left to her by will, that she was entitled to nothing by law.” And finally held that, “in such case, as to the widow, there is an intestacy, there being no provision made for her by the will, and she may, as in the *343 case of intestacy, betake herself to the provision made for her by the law.”
It seems that the wills act of 1840 first gave to the widow a share of the personalty of her deceased husband, where she failed to make an election on being cited. In 1842 an amendment was made to the effect, that nothing in the act of 1840 should be so construed as to vest in the widow-personal estate bequeathed by the husband to other persons; but this amendment was repealed in the following year; and the act remained without change in this regard until 1846, when it was so amended as to provide, that on the failure of the widow to elect, “or if no provision be made for her in the will of her husband” she should retain her dower “and such share of the personal estate” as if her husband had died intestate. In the revision of the wills act made in 1852, this provision was dropped; and there is no substantial difference between the act as revised in 1852, and the subsequent legislation on the subject. Considerable importance is attached to this omission by counsel for the residuary legatees in his argument. Why this clause was dropped, appears, however, from a reason that would readily occur to most minds: If the husband could not disinherit his wife by giving her something, he could not by giving her nothing; and was dropped from the apparent absurdity of citing a widow to elect between the provisions of a will that gave her nothing, and her rights at law; and not from any disclosed purpose of narrowing the rights given her under the previous legislation.
The right of the widow, in any event, to a portion of her deceased husband’s personalty, subject to distribution, seems so just and reasonable, as hardly to have been questioned since the act of 1840. The author of a note to Walker’s American Raw, in the edition of 1869, p. 249, in discussing the liberal policy of our law towards the wife as contrasted with that toward the husband, says: “She can, by will, deprive him of any share of her personalty; he cannot, in any way, deprive her of her thirds.” We are aware of no. intimation to the contrary at any later or earlier time. In the case of Hartshorne v. Ross, 2 Disney 15-26, decided in *344 1859 by the Superior Court of Cincinnati, it was held, that the right of a widow to all the personalty of her deceased husband who died testate, leaving no children, was not limited to the undisposed of property after paying legacies, but included the whole to the exclusion of legacies. This decision was not placed on the ground that he had made provision for her in his will, but that her interest in his personalty subject to distribution, was such that she could not be deprived of it by his will. Judge Storer, in decidiug the case at special term, said: ‘ ‘ There can be no difficulty, we think, in arriving at the conclusion that it is the intention of the statute to provide for the widow, at all events, from her husband’s estate; to allot to her a certain portion of his personalty, in addition to her ordinary interest in the realty, that is not to be affected by any disposition he may make by his will. If he die intestate, there is manifest propriety that she should receive a liberal allowance; and should he devise his estate, without providing as generously for his widow as did the statutes, she should have the option to abide by the will or take her portion at law. The election to receive less than her legal allowance should be hers, * * The husband executes his will, subject to the law in force when it shall take effect, and, therefore, his devisees, cannot complain. He might have cut off his heirs without any token of remembrance. Not so with his wife; her rightis paramount; it depends not upon his kindness, much less his caprices.” He then vindicates this view by a reference to the prior legislation on the subject, and the justice and policy of the law, where, in a country like ours, 'the estate of the husband is, in most instances, “the result of the mutual industry of the husband and wife.” And so, in Bane. v. Wick, 14 Ohio St., 505, where it was held, that the election, of a widow to take under the will, does not bar her right to a distributive share of the personal estate, not disposed of by the will, White, J., said: “But in empowering the husband to dispose of all his estate, by will, the legislature, evidently, did not intend to empower him, against the consent of the widow, to abridge her right to- dower, and a distributive share of the personalty, under the *345 statute in relation thereto.” Then referring to the provisions requiring an election, where provision is made for the widow in her deceased husband’s will, said: “The object was not in case of non-election, to create a new source of title; but to prohibit the power of testamentary disposition, then being created by the act, from being made effectual to impair the rights vested in the widow under the law in relation to dower and distribution. It enabled her, whatever disposition the will made of the property, to set up her title and rights under the law, in opposition to the will, and to this extent defeat its provisions.” The point here made is, that non-election does not create a new sotirce of title in the widow to what she takes by renouncing the provisions of the will—-she simply retains her rights at law. Counsel for the residuary legatees call attention to the fact, that, in each of these cases, the will made provision for the widow; and therefore, claim that what is said in each decision can not apply here. But it will be observed that what is said is a part of the ratio decidendi in each case, and therefore not mere obiter. But if it were otherwise, what was said is entitled to much weight, as the opinion of two distinguished judges, meeting with no dissent at the time, as to the proper construction of the law.
There is nothing anomalous in giving to an owner the right to dispose of his property as he may please during his lifetime, with a restriction upon the power to dispose of it by will. The.power to make a will is not an incident of the jus disponendi. It is conferred by statute; and if the wills act were repealed, all the property of a deceased person would descend and be distributed as provided by law. Hence the extent of the power, what property, and what interest in it may be disposed of by will, and to. whom, may be and is prescribed by statute. No argument, then, against the right of the widow in the personalty of her deceased husband, can be drawn from the fact that the husband possessed unlimited power to dispose of it in his lifetime. Unless he should give it away (which seldom happens and cannot be done in fraud of her rights. Manikee v. Beard, 85 Ky., 20; Thayer v. Thayer, 14 Vt., 107), the *346 exercise of this power can be of no greater prejudice to her, than to himself. Their interests being mutual, they participate alike in the gains and losses until death works a separation, when her right to a portion of the personalty, subject to distribution, is fixed and ascertained by law, independently of any will he may have made.

Judgment reversed, and judgment for the widow.