CASE 54—ACTION TO PREVENT EXECUTION OF A WRIT OF POSSESSION—
Nov. 20.

# Morrow, &c. v. Bailey.

APPEAL FROM WEBSTER CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL. REVERSED.

FRAUDULENT CONVEYANCES—HOMESTEAD—PAYMENT FOR LAND AFTER CREATION OF DEBT.

Held:  1. A conveyance by a debtor of his homestead is not fraudulent as to creditors.
2. Where a debt was created after the debtor had purchased and partly paid for land and erected improvements thereon, and after the creation of the debt the unpaid balance of the purchase price was paid by selling part of the land, the remainder of the land is to be regarded as having been paid for before the debt was created, and is therefore exempt as a homestead.

HOLT, ALEXANDER & HOLT, FOR APPELLANTS.

The appellants contend:
1. That under sections 6 and 7, Art. 2, Ch. 52, Gen. Stats., (sec. 2128, Ky. Stats.) the husband is not a necessary party to this action. 78 Ky., 553.
2. That the appellant, Ruth Morrow, owning a life estate in the premises, and being interested in the homestead, can maintain

this action, the property not being subject to execution for her husband's debts, and the wife can assert the homestead exemption even though the husband declines. 10 Bush., 259; 78 Ky., 553; 80 Ky., 636; 52 Mo. App., 291.

3 A voluntary conveyance by the husband of his homestead to his wife and child, where same is worth less than $1,000, is not fraudulent as to his creditors, and a creditor can not disregard such conveyance and sell the conveyed homestead to satisfy his claim. Section 1702, Ky. Stats.; 11 Bush., 1; 6 Bush., 515; 78 Ky., 261; 80 Ky., 252.

4. The wife is a necessary party to an action to subject the homestead, and where a writ of possession is asked after a sale of land for a husband's debt to which she holds the legal title, it is necessary that she be given or served with process or notice of such motion for a writ. 20 R., 501; 6 Bush., 448; 13 Bush., 445; 83 Ky., 619; Code, sec. 694.

5. Where land is susceptible of division, the least part which will realize the debt should first be offered for sale. Civil Code, 694-696.

6. No writ of possession can issue where the execution debtor's vendee is in possession without giving him notice of the application for such writ.

7. Where the homestead is paid for before a debt is created, or where a vendor's lien on the homestead is satisfied by a sale of a part of the homestead, a creditor can not subject the debtor's homestead.

G. H. TOWER, ATTORNEY FOR APPELLANT.

The undisputed evidence in this case, shows that Sam Morrow bought the land in controversy and was residing on it with his wife, Ruth, and their infant child, long before the creation of the debt of the plaintiff in the writ, that he had conveyed it to his wife and child, by deed of record, who were not made parties to the suit in which plaintiff in the writ obtained judgment; that said property is worth less than $1,000; that said property has continuously been occupied by said Morrow and wife and child, as a homestead, and is still so occupied and claimed, and upon this showing we contend that the plaintiff is entitled to the relief sought.

JOHN G. BAILEY, FOR APPELLEE.

1. The conveyance of the land by Sam Morrow to his wife and daughters was without valuable consideration, and is fraudulent as to his creditors. Moseley v. Bevins, 91 Ky., 260; 85 Ky., 62;

Ky. Stats., secs. 1906, 1907; Scott's Exr. v. Scott, 85 Ky., 385; 14 Bush., 277, Daniel v. McHenry; 11 Bush., 676, Hearn v. Lander, &c.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Sam Morrow, on October 11, 1884, bought of J. W. Givens 4¾ acres of land, for which he agreed to pay him $237.50, and Givens made him a deed, retaining a lien for the purchase money. Morrow at once erected a cabin on the land, and moved into it with his family. In the years 1885, 1886 and 1887 he raised crops of tobacco, the proceeds of which were paid Givens on the land. About the year 1891 he sold off to four other parties nearly 3¼ acres of the land, and they paid the purchase money to Givens. This left about 1½ acres, which he still owned free of incumbrance for the purchase money, except $5 due by one of the vendees, and still unpaid. Previous to this, however, in the year 1889, Sam Morrow became indebted to the appellee, Bailey, in the sum of $25, for which Bailey recovered a judgment against him. In October, 1892, Bailey caused an execution on his judgment to be levied on 1½ acres of the land still owned by Morrow, and had it sold, and in due time obtained a writ of possession against Morrow for it. About the time that the execution was levied on the land, Morrow conveyed it by deed to appellants, and they filed this suit against Bailey to prevent his disturbing them in the enjoyment of the property or executing his writ of possession against them. The court below, on final hearing, dismissed their petition.

The deed from Sam Morrow to appellants was without valuable consideration, and was void as against his creditors, if the land was then subject to execution. But if the land was then exempt as a homestead, appellee, as a creditor. was not prejudiced by the conveyance; for he

could not have subjected the land to his debt in that event, if the conveyance had not been made. The proof is clear that the whole land was not of value over $300; that the improvements were all erected on it several years before appellee's debt was created; and that Morrow had resided on it with his family since about the time of the purchase.

The only ground upon which it is claimed that the land was subject to appellee's execution is that when his debt was created the land had not been paid for, and that, as it was paid for after the creation of his debt, it was not exempt as a homestead. Moseley v. Bevins, 91 Ky., 269; (15 S. W., 527).

But it will be observed that, although the land was paid for in part after the creation of appellee's debt, the payment was made by selling off parts of the original tract, the vendees paying the purchase money directly to Givens, and thus releasing the remainder of the land. The case would be essentially the same if Sam Morrow had reconveyed to Givens the lots he thus sold to these parties, and Givens had, in consideration of the conveyance to him of these lots, released his lien upon the remainder still held by Morrow. The statute provides that the homestead shall not exist "if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon." Kentucky Statutes, section 1702. The fact that Morrow bought more land than he could pay for, and extinguished the lien on the land by selling off the part that he could not pay for, so as to leave him a part of the land not unincumbered does not bring him within the letter or spirit of this statute. He in fact purchased and paid for that part of the land which was left to him, and erected his improvements on it, before appellee's debt was created. The vendor's

lien was the first charge on all of the land.   If this had been foreclosed, and the three acres sold to satisfy it, undoubtedly Morrow would have been entitled to his homestead in the remainder of the land, and when he did himself what the court would have done the result must be the same.

It follows, therefore, that the land was exempt from execution as a homestead at the time of the levy and sale under the execution, and that appellants were entitled to the relief sought.

Judgment reversed, and cause remanded for a judgment and further proceedings not inconsistent with this opinion.