CASE 88—ACTION FOR SETTLEMENT OF THE ESTATE OF PLAINTIFF'S IN-
TESTATE, AND TO RECOVER HER INTEREST THEREIN, AS WIDOW.
—FEB. 19.

## Redmond's Admx. v. Redmond, &c.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL.   REVERSED.

ESTATES OF DECEASED PERSONS—BENEFIT FUND—BURIAL EXPENSES—
WIDOW'S RIGHT—SETTLEMENT OF ESTATE—SUIT—ABSENCE OF
DEBTS OR PERSONAL ASSETS—CONVEYANCE BY HUSBAND—FRAUD OF
—DOWER—HOMESTEAD.

Held:   1. Where a decedent left no personal estate except a certifi-
cate in a society to which he belonged, by which $40 was ap-
propriated to pay the burial expenses of a member, that fund
having been paid to the widow, she was not entitled to retain
it as part of her distributive share, but was properly required
to pay it on burial expenses.

2. As the payment of that fund for that purpose left no personal es-

Redmond's Admx. v. Redmond, &c.

tate to be administered or debts to be paid, an action by the administratrix to settle her accounts was properly dismissed.

8 Under Kentucky Statutes, section 2132, providing that "after the death of either the husband or wife the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she or any one for his or her use was seized of an estate in fee simple during the coverture," the widow was entitled to dower in land which the husband conveyed to his son for the purpose of defeating her dower right, as the son held the title for his father.

4. The fact that the wife was not living with the husband at his death does not deprive her of the right to a homestead in property on which he made his home.

5. The widow must elect whether she will take dower or homestead, as she is not entitled to both.

A. E. COLE & SON, ATTORNEYS FOR APPELLANT.

Appellant's intestate and late husband, James Redmond, died in 1895, leaving surviving him, his widow Margaret Redmond, and two sons and three daughters all by a former marriage. He and appellant were married in 1870 and lived together for several years and then separated and lived apart up to his death. The evidence shows that this separation was through his fault. Neither, however, applied for a divorce. When he died he owned a homestead worth about $1,000. He had purchased another tract of land worth about $3,000 which he caused to be conveyed to his son Mike Redmond, in secret trust, but when he found that Mike was going to marry, he compelled him to convey it to himself for life with power to sell and convey, should he so desire, and, in the event he did not, the remainder, at his death, to become the property of his children by his former marriage. He left also some household goods which were set apart to his widow and a fund of $40 due from a benevolent society, which was paid to his personal representative. His widow brought this suit to pay the debts and settle the estate, and she seeks to have a homestead set apart to her in the land he occupied at his death, and dower in the other tract above mentioned.

1. She claims that so long as the marriage subsists, *de jure*, the homestead right continues. Brown v. Stratton (Mo. 1878) 8 Cent. L. J., 46; Atkinson v. Atkinson, 40 N. H., 219; Meader v. Place, 43 N. H., 307; Folsom v. Folsom, 34 Atl., 743; Sherrid v. Southwick, 43 Mich., 575; Stanton v. Hitchcock, 64 Mich., 316; Baker v. Dayton, 23 Wis., 367; Keyes v. Scanlon, 63; Wis., 345, Kentucky Statutes, secs. 1706, 1707.

2. Voluntary conveyances or gifts by the husband to his children, or others, of all, or the bulk of his estate, during marriage, without the knowledge or concurrence of the wife, will be presumed to be fraudulent, and the *onus* is on the *grantees*, in a controversy with the widow, to show that no fraud was intended or practiced. Fennessey v. Fennessey, 84 Ky., 519; Murray v. Murray, 90 Ky., 1; Manikee v. Beard, 85 Ky., 20, Bishop on Married Women, sec. 351; Davis v. Davis, 5 Mo., 189; Stone v. Stone, 18 Mo., 389; Tucker v. Tucker, 29 Mo., 350; Hays v. Henry, 1 Md., ch. 337; Smith v. Smith, 6 N. J., Eq., 521; Dunnock v. Dunnock, 3 Md., ch. 140; Thayer v. Thayer, 14 Vt., 122; Dearmond v. Dearmond, 10 Ind., 194.

3. In any fraudulent conveyance by the husband the widow may follow the property and recover her share from any person who participated in the fraud, or who is not an innocent holder for value. Nichols v. Nichols, 61 Vt., 426; Jenny v. Jenny, 24 Vt., 324; Kelly v. McGrath, 70 Ala., 75; Re Hunnel's Estate, 161 Pa., 215, Sanborn v. Lang, 41 Md., 107; Crannon v. Crannon, 4 Mich., 230; Brown v. Bronson, 35 Mich., 415; Chandler v. Hollingsworth, 3 Del. ch., 99; Swaine v. Perine, 5 Jons. ch. 482; McClure v. Schwartz, 87 Pa., 521; Jeggets v. Jeggetts, 40 Miss., 718; Stoup v. Stoup (Ind.) 27 L. R. A., 523; McGee v. McGee, 4 Ired. L., 105; Ketts v. Wilson, 130 Ind., 492; McCannon v. Summons, 2 Disney (O.) 596; Johnson v. Johnson (Ky.) 2 S. W., 487; 3 Pom. Jur., sec. 1363.

E. L. WORTHINGTON, FOR APPELLANT

## POINTS AND AUTHORITIES.

1. A transfer of property by a husband, in contemplation of marriage, or during the coverture, when made for the purpose of defeating his wife's marital rights therein, is a fraud upon her, and at the death of the husband she is entitled to her dower or distributable share therein. Leach v. Duvall, 8 Bush, 201; Petty v. Petty, 4 B. Mon., 215; Manikee v. Beard, 85 Ky., 21; Murray v. Murray, 90 Ky., 1; Walker v. Walker, 49 Am. St. Rep., 616; Thayer v. Thayer, 39 Am. Dec., 211 and notes; Smith v. Smith, 55 Am. St. Rep., 142; 2 Bigelow on Fraud, 147; Wait on Fraudulent Conveyances, sec. 314.

2. The principle is the same where the husband buys and pays for property and takes a conveyance in the name of a third person, for the purpose of defeating his wife's marital rights in it. It is equally a fraud on her and she is entitled to her dower or distributable share therein. Crozier v. Young, 3 Mon., 157; Marshall v. Marshall, 2 Bush, 415; Allen v. Russell, 78 Ky.,

Redmond's Admx. v. Redmond, &c.

115; 2 Bigelow on Fraud, 123; Doyle v. Sleeper, 1 Dana, 533; Adams v. O'Rear, 80 Ky., 129; Gross v. Eddinger, 85 Ky., 168; Matthews v. Albritton, 83 Ky., 32; Robinson v. Woolstein, 22 Ky. Law Rep., 883; McAdams v. Mitchell, 10 Ky. Law Rep., 856; Dickinson v. Johnson, 61 S. W., Rep., 267; Central Law Journal, vol. 14, p. 102; Stroup v. Stroup, 27 L. R. A., 523.

The case of Phelps v. Phelps, 143 N. Y., 197, is based upon reasoning directly in conflict with the doctrine laid down in Manikee v. Beard, 85 Ky., 21 and Murray v. Murray, 90 Ky., 1.

EDWARD W. HINES, FOR APPELLEE.

A. M. COCHRAN, OF COUNSEL.

## POINTS AND CITATIONS.

1. The positive and unequivocal testimony of M. P. Redmond that he furnished the money to pay for the land in which his father's widow claims dower, and that the land was purchased for him, is sufficient to support the chancellor's judgment denying the claim to dower.

2. Even though M. P. Redmond may not have been a competent witness as to transactions with his father, yet some parts of his deposition were competent, and as the exceptions to his deposition went to the deposition as a whole it would have been proper for the court to overrule them; but even if not plaintiff waived the exceptions by failing to require the court to act upon them; and where incompetent evidence has been admitted without objection it will be considered on appeal for the purpose of supporting the judgment.

3. Even considering the evidence for plaintiff alone it may be concluded that M. P. Redmond furnished the greater part of the purchase price and took the title to secure himself, thus taking the place of the vendor, and as his father had only the equity of a purchaser by executory contract and had parted with that equity before his death plaintiff is not entitled to dower by reason of that equity. Kentucky Statutes, sec. 2142; Hamilton v. Hughes, 6 J. J. M., 581.

4. If James Redmond having repaid to M. P. Redmond *only a part* of the purchase price advanced took the life estate as representing the value of his equity plaintiff has no ground of complaint; and if having repaid to M. P. Redmond *all* the purchase price advanced he took to himself the life estate making a gift to his children of the remainder plaintiff can not claim *dower* as the fee was never in her husband. And plaintiff

can not complain of the gift to the children of the money invested in the remainder, as she fails to show that the amount was greater than that which the children since the death of their father have paid on his indebtedness.

5. Plaintiff is not entitled to homestead in the other tract of land as she was not occupying the land with her husband at the time of his death and has never since occupied it, and it affirmatively appears that she refused to live with her husband on the land.

6. The fund appropriated by the law of the benefit society to pay funeral expenses is a trust fund and must be applied by plaintiff to that purpose.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant, Margaret Redmond, and James Redmond were married about the year 1870. They had each been married before, and had had children by the former marriage. They did not live happily together, and after a few years separated, but were never divorced. James Redmond died in the year 1895. Margaret Redmond qualified as administratrix of his estate, and brought this suit as administratrix and as widow for the settlement of the estate and for judgment in her favor for her interest therein. James Redmond left no personal estate, except a certificate in a society to which he belonged, by which $40 was appropriated to pay the burial expenses of a member. Before the suit was brought to settle the estate, the children of James Redmond had paid off all the debts except $40 of the burial expenses, which was left to be paid by the $40 from the society. The administratrix collected the $40, and claimed it as part of her distributive share. As, by the rules of the society, the $40 was to be applied to the payment of the burial expenses, the court properly held that the fund should be paid on this bill, and, as this left no personal estate to be administered or debts to be paid, he properly dismissed the action for a settlement of the accounts of the administratrix.

The rights of the widow present a more difficult question. James Redmond owned at his death a house and lot, where he had resided, with his children, for many years. In the year 1885 he bought at public sale another piece of property for $2,200, now worth about $3,000. He paid for this property himself, except the last payment of $450, which was paid by his son Mike Redmond; at least Mike Redmond gave the check. When James Redmond bought the property, he was separated from his wife, and did not desire her to have dower or any interest in it. He had it conveyed to Mike Redmond; but he always controlled it, collected the rents, and treated it as his own. Mike Redmond was then working at a salary of $6 or $8 a week, and seems to have had no other resources. About the year 1894, Mike Redmond was preparing to get married, and he then conveyed the property to James Redmond for life, with power to sell or convey at pleasure, and with remainder at his death to all his children. This deed was made because James Redmond preferred to risk his wife's dower in the property, rather than, as he expressed it, that his daughter-in-law might get it all. Without regard to the effect of the second deed conveying a life estate with power of disposition, we are satisfied from all the circumstances that the property was originally bought by James Redmond, that the deed was made to Mike Redmond in fraud of the wife's rights, and that Mike Redmond always held the title for his father. By section 2132, Kentucky Statutes, "after the death of either the husband or wife the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she or any one for his or her use was seized of an estate in fee simple during the coverture." Under this statute the wife is entitled to dower in the land held by Mike Redmond for the use of his father. At common law, convey-

ances in fraud of the rights of the wife were held void. This principle has often been recognized by this court. Murray v. Murray, 90 Ky., 1, (11 R., 816) 13 S. W., 244, 8 L. R. A., 95; Manikee's Adm'x v. Beard, 85 Ky., 20 (8 R., 736), 2 S. W. 545; Petty v. Petty, 4 B. Mon., 216, 39 Am. Dec., 501; McAfee v. Ferguson, 9 B. Mon., 475. The same rule is followed in other States. Feigley v. Feigley, 61 Am. Dec., 375; Walker v. Walker (N. H.) 31 Atl., 14, 27 L. R. A., 799, 49 Am. St. Rep., 616; Flowers v. Flowers (Ga.) 15 S. E., 834, 18 L. R. A., 75; Bump, Fraud. Conv. 2d Ed.), 491. Section 1906, Kentucky Statutes, is as follows: "Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers, or other persons, and every bond, or other evidence of debt given, action commenced, judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." The court below seems to have followed the case of Phelps v. Phelps, 143 N. Y., 197, (38 N. E., 280, 25 L. R. A., 625); but the statute of New York under which that case was decided is not similar to ours, nor is the decision in keeping with the rule heretofore maintained in this State.

The wife also claims that she is entitled to a homestead in the property on which her husband made his home. The fact that she was separated from her husband would not, under the statute, affect her right to homestead. Meader v. Place, 43 N. H., 307; Folsom v. Folsom (N. H.), 34 Atl., 743; Duffy v. Harris (Ark.), 45 S. W., 545, 40 L. R. A., 750;

Atkinson v. Atkinson, 77 Am. Dec., 712. Section 1707, Kentucky Statutes, continues the homestead for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband are entitled to a joint occupancy with her until the youngest unmarried child arrives at age. The fact that the wife was not living with her husband at his death can not, by construction, be made an exception to the statute where it provides none. But the widow is not entitled to both homestead and dower. If she takes homestead, she can not have dower also; but, if she does not take homestead, she can then be endowed in all the real estate. Sansberry v. Simms' Adm'x., 79 Ky., 527 (3 R., 303); Freeman v. Mills, 22 R., 859, 59 S. W., 3. On the return of the case the widow must elect whether she will take dower or homestead.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.

Whole court sitting.