## Baker v. Davis, et al.

(Decided May 16, 1924.)

### Appeal from Bath Circuit Court.

1. Homestead—Statute Does Not Exempt from Debts Created Prior to Purchase or Improvement.—Ky. Stats., section 1702, creating homestead exemption, does not exempt it as against debts created prior to purchase, or erection ·of improvements.

2. Marshaling Assets and Securities—General Creditor Not Entitled to have Homestead Subjected by Lienholder.—A general creditor not otherwise entitled to subject homestead exemption may not require prior lienholder to collect his debt out of $1,000.00 valuation of it and leave excess to be subjected by general creditor.

J. J. NESBITT and G. C. EWING for appellant.

C. W. GOODPASTER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee, Will S. Davis, was a housekeeper with a family consisting of himself and wife, and he owned a small tract of land containing 6.28 acres, which he purchased on October 4, 1913, from A. Parks and wife. Three hundred and fifty dollars of the consideration was evidenced by note. that day executed by Davis to his vendor, and the latter afterwards sold and transferred it to John T. Kimbrough. Davis with his wife moved upon the land and occupied it as a homestead until the happening of the matters hereinafter mentioned some time in October, 1919. On May 21, 1915, while he was so occupying the land, Davis borrowed from Kimbrough $200.00 for which he executed his note and also a mortgage on the land to secure it, thereby increasing his total indebtedness due the latter to $550.00, exclusive of interest, and all of it was secured by a lien on the land.

At the October, 1919, term of the Bath circuit court appellant recovered a judgment against Davis for the sum of $277.50 with interest thereon from December 20, 1915, and the cost of the action. On October 16, 1919, execution issued on the judgment, which the sheriff on the same day levied upon the tract of land so occupied by Davis, and afterwards sold it under the levy and Baker became the purchaser at the amount of his judgment, interest and cost. Two days after the levy of the execution on the land, Davis and wife sold it to appellee

and defendant below, John Clark, for the sum of $1,500.00, $1,200.00 of which was paid by his discharging the debt of Kimbrough, which at that time amounted to $624.00, and paying to Davis $576.00, and he executed his note for the balance of $300.00, so that Davis actually received of the total purchase price of the land $876.00, the balance being appropriated to the payment of the lien debts of Kimbrough.

This action was filed by Davis against Baker and Clark seeking a judgment against the latter on his unpaid purchase money note of $300.00, and praying that as against Baker the levy of the execution on the land, as well as the sale of it thereunder, be quashed upon the ground that the balance of the land or of its proceeds, after the satisfaction of Kimbrough's lien debts, was exempt to him as a resident housekeeper with a family and not subject to the debt of Baker, the plaintiff in the execution. The latter made a contrary contention and also averred that plaintiff constructed permanent improvements on the land to the extent of defendant's debt after it had been created, which was on Dcember 20, 1915. Appropriate pleadings made the issues and upon final submission the court by its judgment granted the relief sought by the petition, and complaining thereof Baker prosecutes this appeal.

The statute creating the homestead exemption (1702) does not exempt it as against debts created "prior to the purchase of the land, or of the erection of improvements thereon," but upon the issue in this case as to whether there were any permanent improvements erected by Davis after the creation of appellee's debt, there was a contrariety of testimony, and the court determined it in favor of Davis, and we do not find the proof upon that issue in such condition as to authorize us to disturb the court's finding thereon, and that contention will not be further considered.

The next question is, whether a general creditor, not otherwise entitled to subject the homestead exemption, may rquire a prior lienholder upon the entire homestead tract under the equitable doctrine of "Marshaling of Assets" to collect his debt out of the $1,000.00 valuation of it and leave the excess to be subjected by the general creditor? As an original proposition, in the light of the public policy purpose in the creation of the homestead exemption, it would appear that only a negative answer

could be given to the question, and in support thereof the text in 26 Cyc. 933, says that "By the great weight of authority marshaling can never be invoked, so as to deprive a debtor of his homestead or other exempt property, by a creditor as to whose lien (debt) there has been no waiver of such homestead or exempt property;" and in the note to the text the cases of Flowers v. Miller, 13 Ky. L. R. 250, and Ralls v. Prather, 21 Ky. L. R. 322 and 555, are cited. Those cases involved the question as to the right of a creditor to invoke the equitable doctrine of marshaling of assets as against the debtor's homestead exemption rights, and it was denied in each case, the opinion in the Flowers case saying: "This court has, however, decided that this rule (marshaling of assets) does not apply where the homestead of a debtor is involved."

In the case of Morrow v. Bailey, 109 Ky. 359, 22 Ky. L. R. 861, 95 Am. St. R. 382, the same question in principle was before this court, and the same conclusion was reached as in the cases, *supra*. In the course of the opinion in the latter case the court said: "The vendor's lien was the first charge on all of the land. If this had been foreclosed, and the three acres sold to satisfy it, undoubtedly Morrow (the debtor) would have been entitled to his homestead in the remainder of the land, and when he did himself what the court would have done the result must be the same. It follows, therefore, that the land was exempt from execution as a homestead at the time of the levy and sale under the execution, and that appellants were entitled to the relief sought." The appellants in that case were persons to whom the homesteader had sold his land and they occupied the same position in that case as Clark does in this one. The purchasers in that case filed their petition against the execution creditor to obtain the same relief sought by appellee, Davis, in this case, to which this court held they were entitled. We think the opinions referred to from this court conclusive of the question now under consideration. unless we should hold they were unsound, which we do not do. On the contrary, they follow the rule as announced by the court of almost all, if not all, of the other states in cases involving the same question, and which we think is supported by unanswerable reasoning.

Finding no error in the judgment, it is accordingly affirmed.