Probate Court of Tuscarawas County.

IN RE ESTATE OF THEODORE H. WILLIAMSON, DECEASED.

(Decided September 14, 1929.)

*Bowers & Bowers*, for exceptor.
*J. F. Stephenson*, for executor.

LAMNECK, J.

Theodore H. Williamson died testate on June 22, 1928, and his son, R. H. Williamson, was appointed executor of his estate. At the time of his death, he was a member in good standing of the "Dover Works Beneficial Association, of Dover, Ohio." Article XX of the by-laws and regulations of said association reads as follows:

"At the death of any member, his wife or nearest of kin shall be entitled to three hundred and fifty ($350) dollars from the general treasury for funeral expenses."

The widow collected the sum of $350 from the association the day after the decedent's death and appropriated it to her own use. The executor of the estate was obliged to pay the funeral expenses, amounting to $424. When the executor filed his final account, he charged himself with the sum of $350, which the widow received from the beneficial association and credited himself with this amount on the widow's year's allowance for support.

The widow filed exceptions to the account, alleging that this sum was not a lawful asset of the estate, and that no credit could be taken by the executor for the payment of the same against the widow's allowance.

A careful reading of the by-laws and regulations of this association convinces the court that the members intended that this allowance should be first applied to the payment of funeral expenses, and that a trust was created for that purpose, because every element of a trust of personal property is present. We have a designated beneficiary or purpose to which the trust is to be applied, viz: payment of funeral expenses. Second, we have a named trustee, who was the widow in this case. Third, we have a fund of $350 sufficiently identified. Fourth, we have actual delivery of the fund to the trustee.

Since this is a trust fund, the next question that arises is whether the executor of the decedent's estate can enforce the trust.

Ordinarily the proper party to enforce a trust is the beneficiary, but when it becomes necessary, a substitute trustee, the creator of the trust, or his heirs or distributees, or any person who has an interest in the execution of the trust can enforce it. That the executor has sufficient interest in the execution of this kind of a trust to enforce it, has been definitely decided in the case of *Martin's Estate*, 2 Chest. Co. Rep. (Pa.), 47, where the court held as follows:

"Where the constitution of a beneficial society provided that benefits should be paid to the widow of a member to defray funeral expenses, such benefits in her hands are impressed with a trust for that purpose, in so far as necessary, and the husband's estate is entitled to be reimbursed therefrom for amounts paid for that purpose."

Counsel for the widow in this case contends that since the will of the decedent provided for the payment of his funeral expenses, she should be permitted to retain the amount paid her for her own use. The court does not believe this position is well taken, because a trust is never continued for the benefit of the trustee, and a trustee is never permitted to convert trust funds. The only reasonable construction is that the fund should go back to the place where it originated, if not needed for the purpose for which it was created.

The court is supported in this opinion by the following authorities:

*In re Haas' Estate,* 3 Pa. Co. Ct., 345; *Redmond* v. *Redmond,* 112 Ky., 760, 66 S. W., 745; *Oster* v. *Ohlman,* 187 Ky., 341, 219 S. W., 187; *Wilkins* v. *Price,* 142 N. Y. Sup., 574; *Stillman* v. *Friendship Lodge,* 93 Atl., 685.

See, also, 45 C. J., 260; 29 Cyc., 163; and Beneficial Associations, Cent. Dig., Secs. 41-50; Dec. Dig., 18.

The exceptions will, therefore, be overruled.