

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 21, 1947

Hon. I. B. Hand
Criminal District Attorney
Weatherford, Texas

Opinion No. V-37

Re: Fees due a Constable for trans-
porting a prisoner from the
county in which detained to
the county in which charged,
and related matters.

Dear Mr. Hand:

Your revised request for an opinion of this Department
reads substantially as follows:

"1. W.W. Allen, who was indicted for forgery
on three counts at the Spring Term, 1946, session
of the Grand Jury of Parker County, Texas. He
was not in custody at the time and was not located
until later in the same year. Prior to the Fall
term of Court for 1946, this subject was located
at Lubbock, Texas, where he was arrested, and at
that time the constable for Precinct No. 1, Parker
County, Texas, traveled to Lubbock and brought
the prisoner back to Parker County, Texas, where
he was tried and sentenced to the penitentiary. I
would like your opinion as to how much the constable
is entitled to for his fees on this trip.

"2. Onice Beauchamp was charged by complaint
filed in the Justice Court of Precinct No. 1,
Parker County, Texas. In September, 1946, he was
indicted by the Grand Jury for the Fall Term,
1946, for wife and child desertion. Following
his indictment, he was located and arrested in
Oklahoma City, Oklahoma. The constable of Pre-
cinct No. 1, Parker County, Texas, traveled to
Oklahoma City and returned the prisoner to
Weatherford, Texas, in Parker County, to answer
to the indictment. He was released on bond and
is presently under the supervision of the court,
making payments to his former wife, but his
legal status being that he is merely free on
bond. I would like your opinion as to the amount
of fees to which the constable is entitled, in-
cluding the amount of mileage to which he is en-

titled for going to Oklahoma City and returning
with this prisoner.

"I would appreciate your opinion on the
above questions, if at all possible, inasmuch
as these questions arise frequently in our
county and also in adjoining counties, as I
have talked with the attorneys for adjoining
counties, and they have been trying to solve
the same question."

Article 1030, V.A.C.C.P., provides in part as follows:

"In each county where there have been cast
at the preceding presidential election less
than 3000 votes, the sheriff or constable
shall receive the following fees when the
charge is a felony:

"1. For executing each warrant of arrest
or capias, or for making arrest without warrant,
when authorized by law, the sum of one dollar;
and five cents for each mile actually and neces-
sarily traveled in going to place of arrest,
and for conveying the prisoner or prisoners to
jail, mileage, as provided for in subdivision 4
shall be allowed:  provided, that in counties
that have a population of less than forty thou-
sand inhabitants, as shown by the preceding
Federal census, the following fees shall apply:
For executing each warrant of arrest or capias,
or for making arrest without warrant, when au-
thorized by law, three dollars and fifteen cents
for each mile actually  and necessarily traveled
in going to place of arrest, and for conveying
prisoners to jail, mileage as provided for in
subdivision 4 shall be allowed: . . . . . . . .

"4. For removing a prisoner, for each mile
going and coming, including guards and all other
expenses, when traveling by railroad, ten cents;
when traveling otherwise than by railroad, fif-
teen cents; provided, that when more than one pri-
soner is removed at the same time, in addition
to the foregoing, he shall only be allowed ten cents
a mile for each additional prisoner."

Pursuant to the departmental ruling of the Comptroller's
office, which has been followed by this Department, Article 1030
applies to all counties having a population of less than 40,000

inhabitants according to the preceding Federal Census regardless of the number of votes cast at the preceding presidential election.  Parker County has a population of less than 40,000 inhabitants; therefore, Article 1030 is applicable to that county and its constables as it relates to fees in felony cases.

It is assumed that the constables of your county are paid on the fee basis and, therefore, in your first factual situation, it is the opinion of this Department that the constable referred to would be entitled to 15¢ per mile for going to Lubbock, Texas, the place of arrest, and a total of 30¢ per mile for returning said prisoner to jail in Parker County; 15¢ for the officer and 15¢ for the prisoner for each mile actually and necessarily traveled when traveling by private conveyance. (Art. 1030, C.C.P., Binford vs. Robinson, 244 S.W. 807).  If traveling by rail or bus, the constable would be entitled to 10¢ per mile for each mile going and coming and 10¢ per mile for returning said prisoner.

In your second factual situation, the problem is more complex.  The offense of wife and child desertion is a felony, the punishment for which is confinement in the penitentiary for not more than two years, or confinement in the county jail for not more than six months, or a fine of not less than $25.00 nor more than $500.00, or punishment by both such fine and imprisonment in jail.  (Art. 602, V.A.P.C.)

Article 1019, C.C.P., provides as follows:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no cost shall be paid by the State to any officer.  All costs in such cases should be taxed, assessed and collected as in misdemeanor cases."

Article 1027, V.A.C.C.P., provides in part as follows:

"In all cases where a defendant is indicted for a felony but under the indictment he may be convicted of a misdemeanor or a felony, and the punishment which may be assessed is a fine, jail sentence or both such fine and imprisonment in jail, the State shall pay no fees to any officer, except where the defendant is indicted for the offense of murder, until the case has been finally disposed of in the trial court.... ......"

Inasmuch as your case is one in which the defendant could receive a fine or jail sentence, no fees attach until the final disposition of the case in the trial court. If the defendant is subsequently convicted and his punishment assessed at a fine or imprisonment in the county jail, all costs shall be taxed, assessed and collected as in misdemeanor cases.

The fees allowed peace officers in misdemeanor cases are set forth in Article 1065, V.A.C.C.P. Section 11 thereof provides as follows:

"For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

If the defendant, however, is subsequently convicted and his punishment assessed at confinement in the State penitentiary, the provisions of Article 1030, supra, would be applicable and the same fees allowed in your first factual situation may be taxed. Needless to say, if the indictment is subsequently dismissed, the fees may be, after dismissal, taxed under the provisions of Article 1030, inasmuch as the defendant is under indictment for a felony.

It is assumed that the constable was not traveling upon a requisition of the Governor. In this connection, it should be noted that in the absence of a statute allowing a fee for mileage for those miles traveled in Oklahoma, the constable would not be entitled to mileage for those miles traveled outside the State of Texas. The Officers' Salary Fund can be used only to pay salaries and other expenses authorized by law and in the manner prescribed by statute. Article 1030a, V.A.C.C.P., was held unconstitutional by this Department in an opinion numbered O-4088 dated November 15, 1941, and, therefore, the controlling statute is Article 1006, V.A.C.C.P., (Brightmen, Sheriff vs. Sheppard, Comptroller, 59 S.W. 2, 112; Opinion O-1016)  which specifically states:

"Section 1.  The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by

such Governor and to be paid out of the State
Treasury upon a certificate of the Governor
reciting the services rendered and the allow-
ance therefor.

"Sec. 2. The Commissioners Court of the
county where an offense is committed may in its
discretion, on the request of the Sheriff and
the recommendation of the District Attorney,
pay the actual and necessary traveling expenses
of the officer or person so commissioned out of
any fund or funds not otherwise pledged."

A prerequisite for compensation for traveling expenses
beyond the State line is that the officer be commissioned by
the Governor to return a fugitive from justice, and if so, he
may be paid by the Commissioners' Court in its discretion.
Therefore, it is the opinion of this Department that the con-
stable would not be entitled to mileage outside the State of
Texas if he was not commissioned by the Governor before travel-
ing.

In an opinion of this Department, No. O-7471, dated
December 6, 1946, the subject matter presented in your second
factual situation was fully discussed, a copy of which is here-
with enclosed for your information. The pertinent part of this
opinion is as follows:

"In all cases where a defendant is indicted
for a felony, other than murder, but under the
indictment he may be convicted of a misdemeanor
or a felony, and the punishment which may be
assessed is a fine, jail sentence or both such
fine and imprisonment in jail, the State may not
pay any fee to the magistrate or any peace of-
ficer for their services rendered in the examining
trial of any such cases until the same have been
finally disposed of in the trial court. If the
defendant in such a case is finally convicted of
a misdemeanor, or convicted of a felony and the
punishment assessed is a fine, jail sentence or
both such fine and imprisonment in jail, such
officers cannot collect their examining trial
fees from the State, but such fees are taxed, as-
sessed and collected as in misdemeanor cases.
Art. 1019, C.C.P., as amended.

"* * * * *

"* * * * * In other words, no fee can be paid

by the State to any of the officers named in your request which accrues after indictment in a reducible case, except a murder case, while such case is pending in the district court or before final disposition thereof in said court. Furthermore, should the defendant be finally convicted of a misdemeanor or convicted of a felony and the punishment assessed is a fine or confinement in the county jail, or by both such fine and confinement in the county jail, no costs whatever may be paid by the State to the officers named."

In compliance with Section 17, Article 3912e, V.A.C.S., the fee above referred to in Article 1030 is payable from the Officers' Salary Fund of the county, if the constable is on a fee basis, and such is assumed.

## SUMMARY

1. The fees due and owing a constable of Parker County for transporting a prisoner from the county in which detained to the county in which charged are governed by Article 1030, V.A.C.C.P., in felony cases, and Art. 1065, V.A.C.C.P., in misdemeanor cases.

2. If a defendant indicted for a felony, upon conviction, is assessed a fine or confinement in the county jail, or both such fine and confinement, no costs shall be paid by a county, whose county officers are compensated on a salary basis, to a constable who is compensated on a fee basis, but the same shall be taxed as in misdemeanor cases. (Art. 1019, V.A.C.C.P.)

3. Pursuant to Article 1006, V.A.C.C.P., a constable, to be entitled to fees for mileage traveled outside the State of Texas in a felony case, must be commissioned by the Governor; in which event the Commissioners' Court may, in its discretion, pay the same.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Burnell Waldrep
      Burnell Waldrep
      Assistant

BW:djm:erc:wc
Enclosure

APPROVED FEB. 21, 1947
s/Price Daniel
ATTORNEY GENERAL

Approved Opinion Committee:  By B.W.B., Chairman