CASE 67—PETITION EQUITY—FEBRUARY 5.

# O'Donnell vs. O'Donnell's ex'r, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

The real estate of the deceased husband having been sold, by judgment of the circuit court, without assignment of dower in the distribution of the proceeds of the sale, the present value of the widow's right of dower therein should be estimated as a six per cent. annuity for her propable expectancy of life, according to the rule recognized by this court for calculating the probable time a person may be expected to live.

CARLISLE & O'HARA,                                    For Appellant.

MENZIES & FURBER,                                    For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Assuming that thirteen thousand six hundred dollars, for which the real estate of Thomas O'Donnell, deceased, was sold by the commissioner, subject to the lease of McLaughlin, the tenant in possession, was its fair value, the master commissioner seems to have correctly estimated the present value of the appellant's right of dower therein at three thousand two hundred and thirty-four dollars, instead of two thousand nine hundred and twenty-six dollars and sixty-five cents, the sum fixed by the court; if it was proper to estimate the appellant's life estate as a six per cent. annuity, for her probable expectancy of life, according to the rule recognized by this court for calculating the probable time a person may be expected to live.

But, although the appellant was, as the widow of her deceased husband, entitled to the use for her life of one

third of said real estate, according to the value of its use, if it had not been sold and converted into money; and although six per cent. is the legally established value of the use of money in this State, the circuit court appears to have estimated the value of the appellant's life estate as a five per cent. instead of a six per cent. annuity, assuming, as we infer, that a restriction of one per cent. was proper, on account of a supposed liability of those who were the owners in remainder of the property for taxes and other charges, as well as loss by deterioration of the property. If this departure from the established rule for estimating the value of the use of money were authorized under any circumstances, it was not, in our opinion, so authorized by the facts of this case.

The property had already been sold, and the question arising as to the division of its proceeds according to the rights of the parties, we can perceive no sufficient reason for burthening either party, at the expense of the other, for supposed charges or losses to which the property might have been liable if it had not been sold.

It seems to us, therefore, that the court erred in sustaining the exceptions of the appellees to the report of the commissioner, estimating the value of the life estate of the appellant at the sum of three thousand two hundred and thirty-four dollars, and in adjudging to her only the sum of two thousand nine hundred and twenty-six dollars and sixty-five cents, instead of said sum of three thousand two hundred and thirty-four dollars.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render a judgment in conformity to this opinion.