Alexander's ex'x vs. Bradley.

CASE 51—PETITION EQUITY—SEPTEMBER 15.

# Alexander's ex'x vs. Bradley.

**APPEAL FROM MERCER CIRCUIT COURT.**

1.  Courts, as matter of law and legal criterion, have adopted the American life annuity tables, and, by consulting these, determine the present value of life estates when the person, upon whose life the estate depends, is of ordinary health and vigor for one of that age; subject, however, to be varied on account of unusual vigor or frailty of constitution and health.

2.  The present value of a dower interest of one third, of a woman fifty-five years of age, in four thousand five hundred dollars, calculated at six per cent. per annum interest, according to the American life annuity tables, is nineteen and forty-two hundredths per cent. on the whole amount, or eight hundred and seventy-six dollars and sixty cents.

3.  The present value of a life estate of a woman fifty-five years old, in fifteen hundred dollars, calculated at six per cent. per annum, according to table No. 3 in the American Almanac, 1856, is fifty-eight and forty-eight hundredths per cent., or eight hundred and seventy-three dollars and seventy-five cents.

4.  Dower being assigned, or the present value thereof, in the money for which the land was sold, instead of the land itself, the money at the time of the death of the husband being under the control of the court, and loaned at interest by its order, the widow is entitled to interest on the assignment made to her, from the date of her husband's death.

GEO. W. KAVANAUGH                              For Appellant.

JNO. G. KYLE,                                        For Appellee,

CITED—

*Revised Statutes, sec. 6, art. 4, chap. 47; and sec. 9, art. 4.*

18 *B. Mon.,* 864; *Driskill vs. Hanks.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The proceeds of the farm, out of which Mrs. Bradley is entitled to dower right, after discharging unpaid purchase price, is some four thousand five hundred dollars. She would then be entitled to the use for life of some one thousand five hundred dollars, to be returned to the estate at her decease.

But she preferred to take the cash value of her life estate absolutely, and the court having adjudged to her five hundred and twenty-five dollars, with interest from April 18, 1859, Alexander's executrix has appealed, and Mrs. Bradley assigns cross-errors.

Mrs. Bradley is proven to have been about fifty-five years of age, and though of rather frail constitution, her health seems to have improved after her husband's death, and her physician says she bids fair to live many years. The proof exhibits no substantial fact authorizing a departure from the standard ordinarily applied to persons of her age.

The opinion of even intelligent witnesses as to the cash value of a life estate, furnishes no criterion for courts. It is, in fact, a subject of which they are less qualified to judge than the courts.

Courts, as matter of law and legal criterion, have adopted the American life annuity tables, and, by consulting those, determine the present value of life estates, when the person, upon whose life the estate depends, is of ordinary health and vigor for one of that age; subject, however, to be varied on account of unusual vigor or frailty of constitution and health, which may either lengthen or shorten the probable duration of the life estate.

Having referred to the life annuity tables, we are satisfied that the present value of Mrs. Bradley's life

estate was not properly estimated, nor has sufficient interest been allowed her.

By reference to the American life annuity tables, according to Dr. Wiggleworth's table of mortality, the present value of a dower estate of a widow aged fifty-five is estimated at nineteen and forty-two hundredths per cent. of the entire sum; which, on four thousand five hundred dollars, would be eight hundred and seventy-six dollars and ninety cents, calculated at six per cent. per annum interest, which is our legal rates. Or, if the life interest of one thousand five hundred dollars be taken, by table No. 3, American Almanac, 1856, in a fund at six per cent. interest, of a person fifty-five years old, the estimated present value would be fifty-eight and twenty-five hundredths per cent., or eight hundred and seventy-three dollars and seventy-five cents.

The farm, owing to other litigation, had been sold, and proceeds loaned out under direction of court, in her husband's lifetime. Therefore, as she would have been entitled to the mansion house and curtilage until dower assigned her free of rent, and as this money remained under direction of court, in stead thereof she should be allowed interest from the husband's death.

Wherefore, the judgment is affirmed, with damages, on the original appeal, but reversed on the cross-appeal, with directions to render judgment, as herein indicated, on the cross-appeal.

Note by Reporter.—The tables referred to in the foregoing opinion will be found in the front pages of this volume.