## KATE CHRISTOFER *v.* C. S. SEARCY, ET AL.

**Conveyance to Husband and Wife—Creditor's Rights.**

> A conveyance made to a husband and wife, where the title is not so taken for the purpose of defrauding creditors, is effectual to invest the wife with an undivided half interest in the property, subject to the vendor's lien, if any, for unpaid purchase money.

APPEAL FROM MADISON CIRCUIT COURT.

April 22, 1876.

OPINION BY JUDGE PETERS:

The conveyance from Moberly to Christofer and wife is a joint deed, the grantees taking as co-tenants; and although the husband may have advanced all the money that was paid for the land, he had a right to have the conveyance made as it is done in this case; and unless it was so made with the intent on his part to defraud his creditors it would be effectual to invest the wife with an un-

divided half interest in the property subject to the vendor's lien for unpaid purchase money.

It is not alleged by any of the creditors of H. L. Christofer that he advanced the $400, the first payment for the land, and procured the deed to be made to himself and wife for the fraudulent purpose of placing the property beyond the reach of his creditors. Charles Searcy, in his answer which he makes a cross-suit against Mrs. Kate Christofer, charges that H. L. Christofer caused the recital to be inserted in the deed that $400 were paid by his wife with the fraudulent intent to secure that sum of money to her, that she did not advance that or any other sum; that he procured the deed to be made to himself and wife to secure the sum named to her, but no process appears ever to have been issued against her on the cross-petition, and the case was tried as if no charge of fraud had been made.

In that state of preparation under the deed Mrs. Christofer was clearly entitled to one-half of the proceeds of the sale of the property after satisfying Moberly's lien for unpaid purchase money, and debts existing against her husband at the date of the conveyance.

The purchase of the property by Christofer with his money and having it conveyed in part to his wife is not within the inhibition of the statute against fraudulent conveyances. Such a purchase and conveyance at common law is void as to prior creditors; but this rule of the common law does not apply to subsequent creditors. *Doyle, etc., v. Sleeper, etc.,* 1 Dana 531.

As to subsequent creditors therefore Mrs. Christofer's right was superior, and after the payment of the vendor's lien and the payment of the creditors whose debts existed at the time the deed was made by Moberly to Christofer and wife, the residue of the fund should be divided, Mrs. Christofer being entitled to the one-half thereof, the other half to go to the creditors. The mechanics and material men have not taken the necessary steps to secure liens on the buildings.

This view will not deprive Mrs. Christofer of her right to dower in one-half of the property or its value subject to vendor's lien.

The judgment is *reversed* for the error herein suggested and the cause is remanded for further proceedings consistent herewith.

*W. B. Smith, for appellant. Chenault & Bennett, for appellees.*