CASE 99—ACTION FOR SALE OF LAND AND DIVISION OF PROCEEDS.—
FEB. 28.

# Phillips v. Farley, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR A SALE OF THE LAND AND DEFENDANT, AMOS PHILLIPS,
APPEALS. AFFIRMED.

HUSBAND AND WIFE—CURTESY—VESTED RIGHT OF HUSBAND—CON-
STITUTIONALITY OF STATUTE.

Held:   Where no child had been born of a marriage at the time
the act of March 15, 1894, regulating the property rights of hus-
band and wife, took effect, the husband had no vested right to an
estate for life in land theretofore acquired by the wife, and there-
fore that statute is valid as to him to the extent that it abol-
ishes the right of curtesy, though a child was thereafter born
of the marriage.

THOMAS E. WARD, FOR APPELLANT.

Appellant, Amos Phillips, was married to Miss Susie B. Far-
ley in 1893.   In January, 1894 the land in controversy was con-
veyed to her in fee simple.

In 1895 a child was born of the marriage and died in a few
days, its mother, Mrs. Phillips, also dying a few months later.

In 1901 the appellee, W. C. Farley, and other relatives of
the deceased mother, brought this suit for a sale and division
of the land in controversy claiming under the act of 1894, com-
monly known as the "Married Woman's Act," admitting that
the husband, the appellant, was entitled to one-third of the es-
tate, and asking that it be allotted in money.

The appellant answered claiming that inasmuch as the old
law (sec. 1, art. 4. ch. 52, Gen. Stat.) was in force at the time
of the marriage and at the time the land was conveyed to the
mother, the provisions of that act controlled, and that he was
entitled to the estate for life.

The court decreed a sale of the land and a division under
the act of 1894.   To reverse that decree this appeal is prosecuted.

In this case the marriage took place and the wife acquired the
land under the old law, and our contention is that all the rights
flowing from that relation are his.   The contract was made un-

der the old law and the land, the subject of this litigation, was
in possession. The husband was in the possession—was the
usufruct—both at common law and under the statutes, and in-
cident to that marriage and possession was his right to a ten-
ancy by the curtesy—dependent only upon the happening of
a certain event—an event also naturally flowing from the re-
lation of the parties, viz., the birth of a living child. The usu-
fruct held by the husband at the passage of the act of 1894 was
a vested interest, which the said act did not and could not
divest nor disturb, as has been held by numerous authorities in
this as well as other States.    Rose v. Rose, 20 R., 417-46,
S. W., 528; Mitchell v. Violett, 20 R., 378, 47 S. W., 195; Mans-
field's Digest of the Statutes, sec. 4624; Rose on Constitution of
Arkansas Note to sec. 7, article 9 where many cases are cited;
Westervelt v. Gregg, 12 N. Y. 202; 2 Bishop on Married Women,
sec. 46; McGuire v. McGuire, 7 Dana, 181; Holmes v. Holmes,
4 Barb., 295.

MONTGOMERY MERRITT AND S. V. DIXON, FOR APPELLEES.

The question is, does Amos Phillips take under the "Mar-
ried Woman's Act" of 1894, which gives him one-third of the
land during his life, or under the "husband and wife law that
preceded the "Married Woman's Act," which gave the surviv-
ing husband the whole land during his life provided a child was
born alive?

We concede that vested rights can not be disturbed by an act
of the Legislature, but we do contend that *the marriage had to
occur, the land had to be acquired and the child had to be born
alive while the old law was in force* before the husband had a
vested estate; and as Bettie Phillips, their child, was born in
January 1895, after the new law went into effect, the husband's
right, being prospective only, did not vest. Cooley's Con. Lim.;
438, 440; Mitchell v. Violett, 20 Ky. Law Rep., 378.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

This record presents a controversy between the surviving
husband of Susan Farley Phillips on one side and her rela-
tives on the other. The appellant and his wife intermarried
in December, 1892. In January, 1893, the land in contro-
versy was conveyed to her in fee simple. On March 15,
1894, the act relating to husband and wife, known as the
"Weissinger Act" (section 2127, Kentucky Statutes), was

enacted, and took effect in June, 1894. In January, 1895, Susan Farley Phillips died, leaving an infant child, Bettie Phillips, who died in June, 1895, about six months old. The trial court adjudged that the Weissinger act applied to the surviving husband's rights in the land, and that he took dower therein, and was not entitled to an estate by the curtesy. The appellant has appealed, contending that as section 1, art. 4, c. 52, General Statutes, was in force at the time the marriage took place and when the land was conveyed to the wife, the husband was entitled to an estate for life in the entire tract as tenant by the curtesy. In the case of Rose v. Rose (104 Ky., 48) (20 R., 417) (46 S. W., 524, 41 L. R. A., 353), it was held that the right of the husband given by section 1, art. 2, c. 52, General Statutes, to the use of his wife's land, and to rent it for three years at a time, and receive the rents therefrom, as a statutory substitute for the ancient tenancy by the marital right, became a vested right in the husband as to lands owned by the wife, of which he could not be constitutionally deprived by the subsequent passage of the act of 1894. In the subsequent case of Mitchell v. Violett, 104 Ky., 77 (20 R., 378) (47 S. W., 195), it was held that where the marriage took place, the land was acquired by the wife, and a child was born alive of the marriage before the act of 1894 took effect, the surviving husband had a vested estate for life in the whole of the land owned by the wife. The writer of this opinion did not concur in the doctrines announced in the Rose and Violett cases. But, accepting those cases as the law of this Commonwealth, it follows that the case at bar must be decided in accordance with the doctrine there laid down.

On behalf of the appellees it is claimed that while the statutory right to use and lease the wife's land was vested

in the one case upon the marriage, and the estate by the curtesy in the other case became vested upon the birth of a living child before the new act went into effect, in the case at bar the child was not born alive until six months after the act took effect, and until that time the husband's right was inchoate, subject to legislative control, and not protected by the Constitution. In support of this contention, Cooley, Const. Lim. (6th Ed.) pp. 440, 441, and 2 Bish. Mar. Wom., section 43, cited in the Violett case, supra, are relied on by appellees as authority for the proposition that it is not until the birth of a child capable of inheriting that "the estate by the mere marital right is extended in duration to become an estate, not for the mere joint lives of himself and wife, but for his own life," and that until the husband's estate is thus enlarged into tenancy by the curtesy initiative he had no vested right to an estate for life. The reasoning of the authorities cited seems to support counsel's contenton. And in the Violett case, supra, the doctrine there laid down as to the vested interest of the husband was expressly limited, the court, through Judge Paynter, saying: "Where the interest of the husband in the estate of his wife remains in expectancy merely—that is to say, until it becomes initiate—the Legislature must have full right to modify or even to abolish it. Cooley, Const. Lim. (5th Ed.) p. 442." In the case at bar the husband's estate of curtesy was in expectancy merely. It could not be initiate until the birth of a living child capable of inheriting. The child was not born until some months after the statute took effect.

This is conclusive of the case at bar, and the judgment is affirmed. Whole court sitting.

Chief Justice Guffy dissents.