## Middleton, et al v. Fields, et al.

(Decided February 16, 1911.)

### Appeal from Harlan Circuit Court.

1. Land—Compulsory Sale or Purchase—Not Allowable.—We know of no law to compel an adult to sell his land or to compel one to purchase it against will except in cases where the property cannot be divided without materially impairing its value.

2. Widow Can Have Homestead or Dower—But Not Both.—A widow cannot be allotted both homestead and dower in her husband's estate. She may select either but not both.

3. Division of Land—How Effected.—In a division of land between three heirs who jointly own three-thirteenths interest therein the court should divide the three-thirteenths to each of them so that it may adjoin their other land, if it can be done without material detriment to the interest of the others.

W. F. HALL for appellants.

CLAY & CARTER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Elijah Fields, Narcissus Middleton and Robert Middleton brought this action against appellants for the purpose of having about 100 acres of land which belonged to Wm. Middleton in his lifetime, divided among them. One Turner patented the land and sold and conveyed to Walter Middleton, his son-in-law, for life, and at his death it was to go to his children, who were thirteen in number at the time of his death. Walter Middleton, however, sold the land to Wm. Middleton and made him an absolute conveyance. Wm. Middleton was a son of Walter, and he purchased and received conveyances from nine of his brothers and sisters and resided upon the land for many years. It appears that three of the interests which he never purchased, were purchased, one by his widow and the others by two of his children, after his death. The widow sold the interest she bought to one of the children. Wm. Middleton left twelve children, some of whom sold their interests. Some of the heirs attempt to defeat the interests of their uncles and aunts, which they had purchased as stated, by reason of their having been in the actual possession of the land for more than thirty years. The statute does not run in such cases, unless it be made to appear clearly that the possession of the joint owner, such as Wm. Middleton was, was adverse to the other joint owners and

that they had notice or information of his claim of ownership of the whole. This does not appear in this case.

The lower court decided in favor of these interests and directed that the land be divided among the parties in interest, giving the widow a homestead. It appears that three of the children now own, by separate purchase, the three interests of their uncles and aunts, children of Walter Middleton, and that the court did not take this into consideration in ordering the division, but directed the commissioner to take proof as to the amount they paid for each of the interests and directed the other parties in interest to refund to them the amount they paid therefor, when the owners of the interests were seeking to have their interests allotted to them adjoining their other interests in their father's estate, and some of the other heirs objected to this because they did not want to buy and pay for land they did not want. This was error of the court. We know of no law to compel an adult to sell, his land, or to compel one to purchase against his will, except in cases where property cannot be divided without materially impairing its value. In one place in its judgment, the court allowed the widow a homestead and in another it speaks of it as dower. The petition asked that she be allotted dower. A widow cannot be allotted both homestead and dower in her husband's estate. She has a right to select either, and on a return of the case the court should have her select which she wants and adjudge it to her. The court should also allot the three one-thirteenths to the parties to whom they belong adjoining their other interests, if it can be done without material detriment to the interests of the others.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.