## McClain v. McClain

(Decided February 12, 1913.)

Appeal from Montgomery Circuit Court.

Dower—When Land Sold and Fund in Court Widow May Take Present Value of Dower Absolutely.—When land has been sold and the fund is in court, the widow may take the present value of her dower absolutely, instead of a life estate in the fund, in the discretion of the chancellor to be exercised with the view to best serve the interest of all the parties. (See 151 Ky., 356, for original opinion.)

JOHN A. JUDY, for appellant.

LEWIS APPERSON, for appellee.

RESPONSE TO PETITION TO EXTEND OPINION, BY CHIEF JUSTICE HOBSON.

In the petition for rehearing we are asked to extend the opinion so as to allow the widow to take absolutely the value of her dower right in the fund instead of one-third of it for life. The land was sold to satisfy a lien created by deed in which the wife joined, and there is a surplus of the proceeds of sale after satisfying the lien. Section 2135, Kentucky Statutes, provides that in such a case the wife "may have dower out of such surplus of the land or compensation out of such surplus of the proceeds unless they were received or disposed of by the husband in his life-time." The surplus was not received or disposed of by the husband and therefore under the statute she is entitled to dower out of the surplus or compensation out of it. Section 495 of the Civil Code also provides:

"1. If a woman have a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter the court, with her consent, to be taken upon privy examination if she be married and of sound mind, or without her consent if she be of unsound mind, may order a sale of the land free from her right; and shall provide for reasonable compensation to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold.

2. If a woman have a vested or contingent right to dower in land sought to be sold, under Section 490, she shall be made a party to the action brought to sell such land, and the court may, with or without her consent, order a sale of the land free from her right; and shall provide for a reasonable compensation to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold."

In Alexander v. Bradley, 3 Bush, 667, Rich v. Rich, 7 Bush, 53, it was held that as a matter of law the legal criterion for determining the just compensation to the widow, where she is of ordinary health and vigor for one of her age, is the present value of her dower interest according to the American Life Annuity tables. In Lee v. James, 81 Ky., 445, the court said:

"In this case the chancellor proceeded against the objection of the appellants to ascertain the cash value of the property, and gave the dower in money, and then ordered a sale of the house and lot to pay it. We are not aware of any rule of law or equity that will authorize the chancellor to assign dower in this manner. He cannot fix a cash value, and require the owner of the land to pay it, or subject the land to its payment without his consent; where the land has already been converted into money, or where the parties consent that may be done; but if not as said by this court in O'Donnell v. O'Donnell, 3 Bush, 216, 'the widow is only entitled to the use of one-third of the land for life,' and, where the land is indivisible, she is entitled to one-third of the rents. The property cannot be sold, although indivisible, at the instance of the widow claiming dower, against the consent of the owner of the land."

In Hogg v. Hensley, 100 Ky., 724, where the owner of the land subject to the dower right, did not resist the award of a gross sum as the value of the widow's dower, the court said:

"He resisted it is true, the allotment or allowance of any dower, but made no objection to the mode of ascertainment prayed for in the petition. And even without such acquiescence, we think it lay in the sound discretion of the chancellor, the property being admitted to be indivisible, to allow her a stated portion of the rents or a gross sum in lieu of dower computed in accordance with the life tables."

We adhere to the rule thus laid down which is we think a fair construction of the statute. Under Section 2135, Ky. St., the widow may have dower out of the surplus or compensation out of it, and under Section 495 of the Code, the court may order a sale of the land free from her right, and shall provide for a reasonable compensation to her out of the proceeds of the sale or allow her the same right in the property purchased with the proceeds as she had in the property sold. The meaning of the statute is to vest a sound discretion in the Chancellor, and to authorize him to adjudge her compensation for her dower, instead of allotting to her dower. The discretion of the Chancellor is to be exercised in view of all the facts of the case so as to best protect the interest of all the parties. The widow may not demand a sale of the property so that she may obtain a certain sum absolutely in lieu of dower, but where for other reasons the property is sold, and she prefers to take a lump sum absolutely, the Chancellor in his discretion may so adjudge. It does not appear in this case that the widow asked in the circuit court that the value of her dower be set apart to her, but she may still do this on the return of the case to that court if the fund is still in court.

The opinion is extended as above indicated.