### Burchett, et al. v. Clark, et al.

(Decided February 9, 1915.)

#### Appeal from Floyd Circuit Court.

1. Tenancy in Common—Mutual Rights, Duties and Liabilities of Co-tenants—Adverse Possession.—A tenant in common may hold land adversely to the other owners, but the statute of limitations will not begin to run until notice of such adverse holding is given to the tenants in common not in possession.
2. Tenancy in Common—Mutual Rights, Duties and Liabilities of Co-tenants—Actions Between Co-tenants.—A tenant in common may recover judgment for his undivided interest in the common estate in ejectment against a co-tenant claiming the whole estate by virtue of adverse possession ripened into title.
3. Partition—Actions for Partition—Proceedings and Relief—Parties. —A valid partition of land may not be had unless all the tenants in common are before the court when the decree is rendered.

JAMES GOBLE and W. W. WILLIAMS for appellant.

MAY & MAY and S. C. FERGUSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming in part and reversing in part.

In 1863 Hiram G. Clark died intestate, domiciled in Floyd county, and the owner of a large boundary of land on Buffalo Creek therein.

There survived him his widow and ten children. The widow, Eleanor Clark, and a son, Edmond Clark, were duly appointed administratrix and administrator, respectively, of the estate.

In 1868 the personal representatives filed a petition in equity in the Floyd Circuit Court against the remaining nine children and a creditor of the decedent to obtain the sale of a portion of the decedent's real estate for the payment of his debts, his personal estate being insufficient therefor.

In that action such proceedings were had that on April 10, 1871, the Master Commissioner of the Floyd Circuit Court, under proper judgment and orders thereof, and in due form of law, sold at public outcry a portion of the real estate of Hiram G. Clark, deceased, to Calvin Clark, a son of the decedent. This sale was in due time confirmed and a deed to the purchaser was duly executed, acknowledged and approved and certified for recordation on October 10, 1877.

On March 12, 1909, seven of the living children of Hiram G. Clark, together with the heirs-at-law of two of his deceased children, instituted this action in equity in the Floyd Circuit Court against the appellants, children of Calvin Clark, deceased, in which proceeding they sought a partition of the unsold lands of Hiram G. Clark, deceased.

The defendants, by their answer, asserted that the land sought by the plaintiffs to be divided was included within the tract purchased by their father, Calvin Clark, at the decretal sale above mentioned; and also claimed the lands sought to be divided, by virtue of an adverse possession thereof by their father and themselves maintained during a sufficient period to bar the plaintiff's action.

The issues thus tendered and accepted were: (1) whether the land sought to be divided was included within Calvin Clark's purchase in the action to settle his father's estate; and (2) if not so included, had Calvin Clark and the defendants, his children acquired ownership thereof by adverse possession.

The chancellor adjudged the land sought to be divided to be the property of the heirs-at-law of Hiram G. Clark, deceased; that it was not included in the deed and purchase of Calvin Clark, and that the latter and his children had not acquired title thereto by adverse possession; and it was further ordered by the judgment that the land should be partitioned. From that judgment the defendants appeal.

1. The question as to whether the land in controversy was included within the boundary surrendered up to be sold by the personal representatives of Hiram G. Clark (which when sold in satisfaction of the debts against the estate was purchased by Calvin Clark), is purely one of fact.

The tract of land purchased at that time by Calvin Clark lies on both sides of Buffalo Creek, which, in that vicinity, runs very nearly north. The tract begins on a beech on the east side of the creek. The line then crosses to the west side of the creek and to the top of a ridge and with the top of the ridge approximately parallel with and up the creek in a southerly direction to the head of "New Ground Hollow." It then runs down "New Ground Hollow" to the creek; and, on reaching the creek, runs down the creek a short distance to a point opposite a peach tree standing in the lower end of a bottom. From thence it proceeds up the hill on the east side of the creek to the top thereof. Then come the disputed calls, which are as follows: "And with the top of the hill, down the creek to a point opposite the beech first above named; thence a straight line to the beech, the place of beginning."

The place called for as the "top of the hill" and the "beech," the beginning corner, are both on the east side of Buffalo Creek, and some seventeen hundred feet apart. Approximately equi-distant between them a tributary known as Dave Branch empties into Buffalo Creek from the east. This branch has its source a mile or so to the east of its mouth. The plaintiffs contend that the call "with the top of the hill down the creek to a point opposite the beech" should be located by running with the top of the hill down the creek as far as the top of the hill continues in that direction, and from that point a straight line should be run to the beech, which line crosses Dave Branch near its mouth.

The defendants contend that the call "with the top of the hill down the creek to a point opposite the beech" should be located by following the ridge a couple of miles up the south side of Dave Branch and around its head and back down the ridge on the north side of the branch to a point on top of the hill near the beech, thereby including within the deed to their father, Calvin Clark, the lands on Dave Branch sought to be partitioned by the plaintiffs.

Edmond Clark, who was administrator of his father's estate, and who as such gave up this particular tract of land to be sold in the action heretofore mentioned, testified in substance that the line as located at that time was that now contended for by the plaintiffs in this action.

Indeed, it seems to us reasonable that if it had been intended to include within the sale and conveyance to Calvin Clark the land on Dave Branch owned by Hiram G. Clark, we would find in that deed some more apt expression of an intention that the line should run a mile or so up one side of the branch, around its head, and back down the ridge on the other side of the branch. In point of fact, if the true location of the line is as the defendants contended, there would be included in the boundary a tract of land in Pike county (which adjoins Floyd), which is admittedly not the property of any of the parties to this action, Dave Branch having its source in Pike county.

Unaided by satisfactory proof of contemporary marking of the lines of the commissioner's deed to Calvin Clark, or by satisfactory proof of actual possession sufficient to constitute a practical location by the parties, or potential with elements of estoppel, or of recognition and acquiescence, the question of the true interpretation of the calls in question is not without difficulties of solution. We are disposed, however, to agree with the conclusion reached by the chancellor, i. e., that the true line is that contended for by the plaintiffs, and not that running around the head of the Dave Branch, contended for by defendants.

2. Appellants contend that the petition recites that two of the defendants (appellants) are infants; and that as no defense was made for them by guardian or guardian ad litem, the judgment should be reversed.

The answer filed by the defendants, however, denies that each or either of the defendants is under the age of twenty-one years. We assume that the defendants knew their own ages, and that plaintiffs conceded this. There is no evidence in the record on this question; and we do not think the appellants are in position to complain in regard to it.

3. Appellants also contend that the affirmative matter in their answer was not traversed, and that with the pleadings in that condition it was error to render judgment for the plaintiffs. The record at page 137 contains an agreed order traversing all the undenied affirmative matter in any of the pleadings.

4. Appellants contend that plaintiffs produced no title papers as required by Sub-section 1 of Section 499, Civil Code of Practice. The appellants entered a motion for a rule against the plaintiffs to require them to file the title papers, but later withdrew this motion, and themselves filed the record in the suit of Hiram G. Clark's Admr's. v. Hiram G. Clark's Heirs and Creditors, in which suit the Hiram G. Clark title papers were filed under which all the parties claim. Plaintiffs were not required to go beyond the common source of title. Kidd v. Bell, 122 S. W., 232; Heard v. Cherry, 92 S. W., 551, 29 R., 106.

5. We shall dwell but briefly upon the claim of the appellants that adverse possession of the lands on Dave Branch by Calvin Clark and themselves ripened into title to the exclusion of their tenants in common.

It may be said by appellants that, owing to the interpretation placed by them upon the disputed calls in the commissioner's deed to Calvin Clark, they claiming that it covered the land here in controversy, their claim to the extent of the calls in the deed was one under color of title; but the court having properly adjudged that the deed does not cover the land in controversy, their claim under color of title was confined to the boundary described in the deed; so that Calvin Clark and the defendants, his heirs-at-law, were but tenants in common with the other heirs-at-law of Hiram G. Clark, deceased.

One tenant in common may hold adversely to the others, but the statute will not begin to run until notice of such adverse holding is given or brought home to the tenants in common not in possession. Middleton v.

Fields, 142 Ky., 352, 134 S. W., 180; Bush v. Fitzgerald, 125 S. W., 716; Kidd v. Bell, 122 S. W., 232; Hamilton v. Steele, 117 S. W., 378; Vermillion v. Nickell, 114 S. W., 270. The evidence here does not disclose the requisite notice.

6. On October 15, 1913, the defendants entered a motion to abate the action as to two of the plaintiffs, Edmond Clark and Addison Clark, upon the ground that these plaintiffs had died pending the action and more than two years prior to the entering of the motion, without revivor being had, filing their affidavit in support of said motion. There was no ruling upon this motion, and the cause proceeded to judgment as if no suggestion had been made of the death of these two plaintiffs. Appellants now contend that because of the death of two of the plaintiffs without revivor, the judgment is void in its entirety. We cannot agree with this contention. The plaintiffs and defendants were tenants in common, and any one or more of the plaintiffs had a right to prosecute an action against their co-tenants, the defendants, who were asserting an adverse and sole ownership of the common estate. Young v. Adams, 14 B. M., 102, 58 Am. Dec., 654. So that, conceding that portion of the judgment which adjudges to Edmond Clark and to Addison Clark each an undivided one-tenth interest in the lands sought to be divided herein, is invalid as to those claiming under them, because of their death pending the action, without revivor, still the defendants were adjudged to be the owners of an undivided one-tenth interest, and that being all they were entitled to, they have no valid complaint of the judgment in that respect.

Their own affidavit shows that both Addison Clark and Edmond Clark died intestate, leaving children, so that the appellants could not have inherited any interest from the deceased plaintiffs so as to have increased their interest beyond the one-tenth adjudged to them.

7. It will have been seen that this proceeding has two phases in that, although it was originally instituted as an action for partition, it became, when the answer of defendants was filed, denying the plaintiff's ownership and asserting ownership in themselves, converted into an action in ejectment wherein the plaintiffs each sought to recover of the defendants their several respective undivided interests in the land in controversy;

after the adjudication of which controversy the plaintiffs having prevailed, the action again became one for partition among tenants in common.

The question of the death of Addison Clark and Edmond Clark, pending the action, and without revivor, in so far as it affects the proceedings in partition, therefore, presents itself for solution.

A valid partition may not be had unless all the tenants in common have been subjected to the jurisdiction of the court rendering the decree. Borah v. Archer, 7 Dana, 176; Hunter v. Brown, 7 B. M., 283; Girty v. Logan, 6 Bush, 8; 30 Cyc., 201. And this rule applies whether the partition proceedings be brought in equity or by ordinary action as permitted by Section 499, Civil Code.

It is true that a division made, may be thereafter accepted and ratified by tenants in common who were not before the court when the partition was effected, thereby validating the proceedings had. This was done in Blue v. Waters, 114 Ky., 659.

But the heirs-at-law of the deceased plaintiffs, Edmond Clark and Addison Clark, may not care to follow the procedure in that case, and appellants are entitled to have in this proceeding a title not subject to the possibility of the entire partition being opened up by parties who were not before the court at the time it was effected.

In so far as the judgment appealed from orders the partition of the land in question, it is reversed, with directions to have made parties the heirs-at-law of Addison Clark and Edmond Clark before effecting the partition sought.

The judgment of the lower court denying the claim of appellants to be the sole owners of the land in controversy is affirmed.

The appellants will be required to pay one-half of the costs of this appeal and their pro rata share of the other half thereof.