## Ford v. May

(Decided January 16, 1917.)

### Appeal from Pike Circuit Court.

1. Deeds—Commissioner's Deed—Parties.—A commissioner's deed purporting to convey a tract of land on behalf of the father and his infant children, though void as to the infants, will pass the title of the father.

2. Deeds—Construction.—A deed should be construed as a whole, and apparently inconsistent provisions harmonized if possible.

3. Deeds—Construction.—A deed construed, and held to vest in each of the grantees named in the caption an undivided one-half interest in the land conveyed.

YORK & JOHNSON and ROSCOE VANOVER for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on original appeal and reversing on cross-appeal.

On July 11th, 1884, Thomas P. May executed and delivered to his daughter, Nancy Miriam Ford, and her husband, Thomas J. Ford, a deed, which, omitting the description of the land conveyed, is as follows:

"This deed of conveyance made and entered into this the 11th day of July, 1884, between Thos. P. May and Elizabeth M. May, of the county of Pike, and state of Kentucky, parties of the first, and Thos. J. Ford and Nancy Miriam Ford, his wife, parties of the second part.

"Witnesseth: That said party of the first part, for and in consideration of the sum of twelve hundred dollars as an advancement to the said May Miriam Ford, late May, and our daughter, and for the further consideration of the love and affection we have for our said daughter, do hereby sell and convey to the parties of the second part, their heirs and assigns forever, the following described property, to-wit:

"One tract of land on John's Creek in Pike county and state of Kentucky, and on the east side of said creek and bounded as follows, to-wit: (Here follows description.)

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns, forever, and the said party of the first part hereby covenants with the said parties of the second part that they will warrant the title of the property hereby conveyed unto the said party of the second part, and their heirs and assigns, forever.

"The restrictions placed on this conveyance by the grantors is that the same shall in no wise be liable for the debts or liabilities of the said Thos. J. Ford and shall not be sold by him in any wise without the consent of his wife to whom this is intended to convey a separate estate."

Prior to the year 1890, Nancy Miriam Ford died, leaving surviving her several children. Thereafter, Thomas J. Ford was appointed and qualified as their guardian.

On September 11th, 1896, Thomas J. Ford brought suit against his children for the purpose of confirming a contract, by which he had exchanged the land embraced in the above deed for another tract of land belonging to W. R. May and located on John's Creek in Pike county. On final hearing the chancellor adjudged

that the exchange would be beneficial to the infants, and entered an order directing the commissioner to make conveyance to W. R. May. The deed was made by the commissioner, conveying all of the interest of Thomas J. Ford and the infant defendants to W. R. May. At the same time May and wife executed and produced in court a deed conveying to Thomas J. Ford and the infants the tract of land for which the exchange was made. Thereupon this deed and the deed from the commissioner to May were approved and the exchange confirmed.

On March 23rd, 1912, Samuel M. Ford and others, children of Nancy Miriam Ford, brought suit to recover the land conveyed to May, on the ground that the judgment confirming the exchange was void, and to recover the difference in the rental value of the two tracts of land. A demurrer was sustained to the petition and the petition dismissed.

On appeal to this court, it was held that there is no statute in this state giving to courts of equity authority to approve an exchange of land made by the guardian of infants, or to divest infants of their title for the purpose of perfecting such an exchange, and that a judgment approving such an exchange is void. It was also held that as the infants had no estate, except an estate in remainder, they were not entitled to recover the difference in the rental value of the two tracts of land. The court declined to pass on the estate which Thomas J. Ford took under the deed which Thomas P. May made to him and his wife on July 11th, 1884. The judgment was reversed, with directions to overrule the demurrer to the petition as amended. 157 Ky. 830, 164 S. W. 88. On the return of the case, Thomas J. Ford filed a petition, asking to be made a party, and that he be adjudged such relief as he appeared entitled to. May filed an answer, pleading in substance that Thomas J. Ford, under the deed from Thomas P. May and wife, took either an estate for life in the land thereby conveyed, or a fee simple to one-half thereof and an estate for life in the other half. He further pleaded that whatever estate Thomas J. Ford had in the land conveyed to him by the commissioner was vested in him by the commissioner's deed. Thomas J. Ford pleaded that he never claimed any estate in the land conveyed to May, except an estate by the curtesy, and that his title thereto did

not pass to May by virtue of the commissioner's deed. On final hearing the chancellor cancelled the commissioner's deed to May and the deed from May and wife to the Fords. He further adjudged that Thomas J. Ford took, under the deed from Thomas P. May and wife to Thomas J. Ford and wife, dated July 11th, 1884, a life estate in the whole of the land conveyed; that such estate passed to May under the conveyance made by the commissioner; and that May was entitled to occupy said tract of land during the lifetime of Thomas J. Ford, and should surrender said tract on his death to the children of Thomas J. Ford. The judgment also provided that Thomas J. Ford should hold possession of and occupy the tract conveyed to him and his children by May during his lifetime, and at his death this tract of land should be surrendered to May. From this judgment Thomas J. Ford appeals and May prosecutes a cross-appeal.

1. For purposes of convenience, the tract of land conveyed by the commissioner to W. R. May and wife will be designated as the "May farm," while the tract conveyed by W. R. May and wife to Thomas J. Ford and wife will be designated as the "Hatfield farm." It is insisted on the original appeal that Thomas J. Ford's interest in the May farm did not pass under the commissioner's deed. We find, however, that by the judgment rendered in the proceedings in which the commissioner's deed was made, the commissioner was ordered and directed to execute "deed of special warranty on behalf of said infants and the plaintiff, Thomas J. Ford, to the defendant, W. R. May and wife." After setting out the order, the caption of the deed is as follows: "This indenture, made and entered into this, the 14th day of November, 1896, between S. M. Ford, Louisa M. Ford, Birdie L. Ford, Willie T. M. Ford, John H. Ford, and Bayard Ford, and the plaintiff, Thos. J. Ford, by A. P. W. May, master commissioner of the said court of the first part, and W. R. May and his wife of the second part." In addition to the foregoing, the deed contains the following provision: "A. P. W. May, master commissioner of the said court, of the first part, and S. M. Ford, and others, hereby covenant with the parties of the second part, that they will warrant and defend the title of the land and premises hereby conveyed against the claims of Sam M. Ford,

Louisa M. Ford, Birdie L. Ford, Willie T. M. Ford, John H. Ford and Bayard Ford, and plaintiff, Thos. J. Ford." This conveyance was made pursuant to an exchange of lands theretofore made by Thomas J. Ford. To carry out the exchange, W. R. May and wife executed a deed conveying the Hatfield farm. The purpose of the latter deed, as recited by the deed itself, was to vest in the grantees the same right, title, claim and interest in the land conveyed as was vested in Thomas J. Ford and wife by the deed from Thomas P. May and wife, dated July 11th, 1884. It is not only clear, therefore, that the object of the proceedings in which the commissioner's deed was made, was to vest in W. R. May and wife, not only all the title which the infant defendants had in the land, but all the title which Thomas J. Ford had in the land. Not only so, but the commissioner's deed itself actually conveyed to W. R. May and wife all the title which Thomas J. Ford had in the May tract of land, and specially warranted such title. This deed was void only as to the infant defendants. It was not void as to Thomas J. Ford. The chancellor did not err, therefore, in holding that whatever interest Thomas J. Ford had in the May tract of land passed under the commissioner's deed to W. R. May and wife.

2. The next question is, what interest did Thomas J. Ford take in the May farm under the deed from Thomas P. May and wife, dated July 11th, 1884? The question is one of law and is not controlled by Thomas J. Ford's opinion. He cannot now defeat May's title by claiming less than the deed gave him. We find that in the caption of the deed in question Thomas P. May and wife are parties of the first part, while Thomas J. Ford and Nancy Miriam Ford, his wife, are parties of the second part. The granting clause is: " . . . . to the parties of the second part, their heirs and assigns forever." The habendum clause is: "To have and to hold the same, together with all the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns forever." The warranty is: " . . . . unto the said parties of the second part, and their heirs and assigns forever." Notwithstanding these provisions, it is insisted that because the deed shows that the land was an advancement to Thomas J. Ford's wife and was in-

tended as her separate estate, we must hold that no actual interest passed to Thomas J. Ford under the deed. But little weight need be given to the fact that the land was an advancement to the wife. At that time it was not unusual for land intended as an advancement to the wife to be conveyed to the husband alone, or to the husband and wife jointly. We know of no rule of. law by which an estate once actually granted may be altogether defeated by a subsequent clause of ambiguous meaning. Deeds should be construed as a whole, and apparently inconsistent provisions harmonized if possible. Were we to hold that the provision that the land should not be liable for the debts of Thomas J. Ford and should not be sold by him without the consent of his wife, to whom it was intended to convey a separate estate, is absolutely controlling, we would have to ignore completely all the other provisions of the deed by which the estate of a grantee is usually measured. On the other hand, if we construe the provision, "to whom this is intended to convey a separate estate," as applying, not to the entire tract, but to the half interest actually conveyed to the wife, we give effect not only to the restrictive clause, but to the other clauses of the deed. We, therefore, conclude that Thomas J. Ford and his wife each took an undivided half interest in the May farm, and that upon the death of his wife, which occurred prior to the Weissinger Act of 1894, Thomas J. Ford became entitled to a life interest in her half. It results that his children by Nancy Miriam Ford are entitled to only a remainder interest in half of the May farm after the termination of Thomas J. Ford's life estate. It likewise follows that the deed from the commissioner to W. R. May and wife and the deed from W. R. May and wife to the Fords should not have been cancelled, except in so far as the title of the children of Thomas J. Ford and Nancy Miriam Ford is concerned. When this is done, W. R. May and wife should be adjudged an undivided one-half interest in the May tract and Thomas J. Ford's life interest in the other half. They should also be adjudged an undivided one-half interest in the remainder in the Hatfield farm, subject to Thomas J. Ford's life interest therein. On the other hand, Thomas J. Ford should be adjudged an undivided one-half interest in the Hatfield farm and a life interest in the other half, while the children should

be adjudged an undivided one-half interest in the May farm, subject to Thomas J. Ford's life interest therein.

Judgment affirmed on original appeal and reversed on cross-appeal, and cause remanded for proceedings consistent with this opinion.