## James, et al. v. Reeves, et al.

(Decided October 17, 1919.)

### Appeal from Madison Circuit Court.

1. Homestead—Election to Take Without Allotment.—When land occupied as a homestead at the death of the husband is worth less than $1,000.00 and the widow in proceedings instituted for that purpose could have had set apart to her the whole of it as a homestead her continued occupancy of the land without such proceedings will be treated as an election on her part to hold the whole of it as a homestead. In such a case proceedings to have homestead allotted are not essential to preserve the right of the widow to a homestead.

2. Homestead—Allotment of.—We have no statute providing for the allotment of homestead except when it is sought to sell land under coercive process; but courts of chancery may, in proceedings for that purpose, set apart homestead.

3. Homestead—Increase in Valuation.—The widow may continue to hold land set apart to her as a homestead although during her occupancy it may increase in value beyond the amount allowed as the value of a homestead.

4. Homestead—Dower—Widow Cannot Claim Both.—The widow cannot claim both dower and homestead although she may elect which she will take, and when she elects, the election is binding upon her.

JOHN T. MURPHY for appellants.

BURNAM & BURNAM and G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

In 1885 William Reeves purchased for a consideration of $600.00 a small tract of land in Madison county which was then conveyed to him. In 1887 Mr. Reeves finding himself unable to make the last payment of the purchase price, which was $200.00, the father of his wife paid

for Reeves this amount of money, and thereupon Reeves made a deed to his wife, Orrah Reeves, reciting that in consideration of $200.00 given to his wife by her father, Jackson Eades, he sold and conveyed to her with covenant of general warranty "$200.00 worth of my farm situated in Madison county, Ky., on Clear creek, and bounded as follows: On the north and west by Hiram Jett land on the south by the land of Sam Williams and on the east by Clear creek and contains eighty or ninety acres more or less."

After this and in 1887 William Reeves died intestate the owner of the tract of land heretofore mentioned except the interest he had conveyed to his wife. At the time of his death he and his wife and children resided on the land and after his death his widow and children continued to occupy it as their home, although it was never set apart or allotted to her or them as a homestead. Some years afterwards the widow married but continued to make her home on this land until the death of her second husband and thereafter continued to live on the land as her home and was so occupying it when this suit was brought in 1918 by the children of William Reeves seeking to have dower in the land allotted to the widow and a division of the remainder between the children of William Reeves. They also sought to have the deed made by William Reeves to his wife in 1887 operate as a mortgage on the land to secure her in the payment of the $200.00, the consideration paid by her father for the deed to her.

In answer to this suit the widow set up that she was entitled to hold the whole of the land of which her husband died the owner as a homestead, and furthermore that by virtue of the deed made to her by her husband she was the owner in fee of one-third of the land.

On hearing the case the lower court adjudged that the widow was entitled to hold the land as a homestead; that by virtue of the deed made to her by her husband she owned in fee that proportion of the land that $200.00 bore to its full value of $600.00 at the time the deed was made. He dismissed the petition of the children of William Reeves and they prosecute this appeal.

It is conceded that the land when this suit was brought was worth about $3,500.00 although at the time of the death of William Reeves and for many years thereafter

it was not worth as much as $1,000.00; that the widow would have been entitled to have had all of it set apart to her as a homestead in proceedings instituted for that purpose; and that if she had done this she could hold it as a homestead as long as she continued to occupy the same. And so it is upon the ground that a widow can only assert her right to hold land as a homestead when it has been allotted to her in proceedings had for that purpose that the children of William Reeves seek in this suit to compel the widow to take dower in the land in place of homestead.

On the other hand it is said by counsel for the widow that the formal allotment of homestead is not indispensable to the right of the widow to homestead when it appears that she and her husband were occupying land of less value than $1,000.00 as a homestead at the time of his death and she continues to occupy it, holding and claiming it as a homestead without objection on the part of any person for a long period of time, in this case, for example, more than thirty years.

The first question to be determined is whether it is necessary, to enable the widow to hold land which she and her husband occupied as a homestead at the time of his death and that was of less value than $1,000.00, that it should be set apart to her as a homestead in a proceeding had for that purpose.

We do not find in the statute any provision for the allotment of homestead except in cases in which it is sought to sell under coercive process land in which the right to homestead is asserted, in which case it is made the duty of the officer to set apart homestead. We have, however, no doubt as to the power of a court of chancery to allot homestead in a suit brought for that purpose, and it is quite a common practice for the court in settlement cases to do this.

It is also well settled that the widow cannot claim both dower and homestead although she may elect which she will take, and when she elects the election is binding upon her.

Phillips v. Williams, 130 Ky. 773; White v. Holder, 118 S. W. 996.

But if the widow should be entitled to homestead in a tract of land worth at the time her right accrued more than $1,000.00 she could not of course make any election

that would give her the right to hold more than $1,000.00 of it as a homestead nor would the fact that she continued to occupy and use without objection the whole of the land, which was worth when her right to homestead first attached more than $1,000.00, no matter for how long a time, give her the right to hold more than $1,000.00 of it when it was sought by parties having the right to do so to have homestead allotted to her or take from her the remainder of the land.

Whenever, however, the land occupied at the death of the husband is worth less than $1,000.00 and the widow in proceedings instituted for that purpose could have had set apart to her the whole of it as a homestead, her continued occupancy of the land as a homestead without such proceedings will be treated as an election on her part to hold the whole of it as a homestead, and this she may do. Campbell v. Whisman, 183 Ky. 256; Deboe v. Rushing, 21 Ky. Law Rep. 423; Jones v. Green, 83 S. W. 582; Bush v. Fitzgerald, 125 S. W. 716; Warner v. Hampton, 154 Ky. 83, 21 Cyc. 587.

It may here also be said that we do not regard as material the fact that when this suit was brought the land was worth about $3,500.00, because it appears from the evidence that this increase in its value was due to the fact that the land was well taken care of and the great increase in its value was chiefly caused by the natural enhancement in value of farming lands generally within a few years before this action was commenced. Gowdy v. Johnson, 104 Ky. 648; Morton v. Jones, 136 Ky. 798.

As it is clear that under the facts of this case the widow did elect to claim and hold the land as a homestead and that she cannot be required to take dower, we do not find it necessary to decide how long the widow must remain on the land after her right to hold it as a homestead first accrues to establish an election on her part to claim a homestead therein, nor need we go into a discussion of what facts or circumstances would establish such election.

The remaining question is—should the deed made by William Reeves to his wife be treated as a mortgage or a conveyance by him to his wife of the interest in the land specified in the deed? As to this question little need be said. The instrument shows plainly on its face it was a deed and not a mortgage, and there is no evidence in

the record that would justify us in reforming this instrument or in holding that it was not what it purports on its face to be.

Wherefore the judgment is affirmed.