## Mastin et ux. v. Mastin's Administrator et al.

(Decided May 17, 1932.)

C. F. SPENCER for appellants.

J. D. ATKINSON for appellees.

OPINION OF THE COURT BY ·JUDGE RICHARDSON— Affirming.

This appeal requires a review of the action of the trial court sustaining a demurrer to the answer setting up the title of the husband to land conveyed to him and his wife, for the recited considertaion of $5 cash and other valuables, and for one-half the cost of the improvement thereon paid for by the husband.

Lillie Bowen and others by deed, dated June 9, 1927, sold and conveyed to Joe Mastin and Lucy Mastin, with covenant of special warranty, certain tract of land situated in Powell county, Ky. The deed was executed, acknowledged, and· delivered by them and accepted by Joe Mastin and Lucy Mastin, and thereafter recorded in the Powell county clerk's office on the 20th day of November, 1929.

Joe Mastin died intestate, and without issue, a resident of Powell county. C. D. Daniel qualified as administrator of his estate, and he as administrator and Lucy Mastin as his widow instituted this action against his father and mother to settle the estate of Joe Mastin. His personal property was appraised at $625.15, and was by the appraisers set aside to his widow, Lucy Mastin, in lieu of the allowance to a widow as authorized by section 1403, Ky. Statutes. At the time of his death, he owed the Clay City National Bank $970, evidenced by. his promissory note, and to others, small amounts aggregating $85. His burial expense of $665 and the note to the Clay City National Bank and his other indebtedness were paid, for the estate, by Lucy Mastin, and assignments of the evidences of this indebtedness were made to her by the creditors. The decedent left no personal estate subject to the payment of his debts. It is set out in

the petition that it was necessary to sell his undivided one-half interest in the land to pay his debts and that the widow was entitled to dower in his half interest. She consented to take under the life tables. Lewis and Ella Mastin, the father and mother of Joe Mastin, by answer, charged that Joe Mastin paid the entire consideration for the land which was sought to be sold and that no part thereof was paid by Lucy Mastin and that by reason thereof she had no interest in the land. The court sustained a demurrer thereto, to which they excepted. By amended answer they presented a counterclaim in this language:

> "The defendants say that after the purchase of said tract of land as set out in the first paragraph of this answer and counter-claim the decedent, Joe Mastin, made permanent and lasting improvements on said land to the value of at least twenty-five hundred dollars ($2,500.00), all of which was erected and done by the said Mastin without any contribution from the plaintiff, Lucy Mastin, who was a joint owner with the said decedent, Joe Mastin, in said property; and that the said plaintiff, Lucy Mastin, is indebted to decedent's estate in the sum of $1,250.00 for one-half of the value of the improvements made thereon by the said decedent, Joe Mastin, and that his estate, these defendants, his heirs at law, have a lien upon the interest of the plaintiff, Lucy Mastin, or the proceeds arising from the sale of said joint property to secure the payment of one-half of the value of the improvements made and erected on said property by the decedent, Joe Mastin."

The court sustained a demurrer to this paragraph. They are here insisting that the allegation, and proof thereof, that the husband paid the entire consideration for the land, entitled his estate to the whole of its proceeds as against his wife.

At common law a conveyance of land to the husband and wife constituted an estate by entireties, and death terminated the title in such estate of the first one dying and the survivor held the entire estate. Elliott v. Nichols, Etc., 4 Bush 502. The common law in this respect was superseded or annulled by section 2143, Ky. Statutes. Since its enactment, where the husband accepts a deed and puts it to record, which conveys land to him

and his wife jointly, no matter what his intention was at the time he was buying it, each of them takes an undivided one-half interest in it, in the absence of an allegation and proof of fraud, or mutual mistake, in the deed so conveying it to them. Resulting trusts have been abolished by section 2355, Ky. Stats.; Campbel v. Asher, Etc., 88 S. W. 1067, 28 Ky. Law Rep. 50; Christofer v. Searcy, 9 Ky. Op. 84.

The father and mother of Joe Mastin take his interest in the land by descent from him, and to avoid the deed they are confined to the defenses, set-off or counterclaim, that he could have made to it in his lifetime. Yokley by, Etc., v. Superior Drill Co., Etc., 80 S. W. 1153, 26 Ky. Law Rep. 302; Ford v. May, 173 Ky. 223, 190 S. W. 1066.

As regards the claim of the estate of the husband for $2,500 alleged to have been expended by him in improving the property by the erection of a building thereon, the paragraph of the pleading asserting it fails to aver facts sufficient to constitute a cause of action therefor, for more than one reason.

A proper consideration and disposition of the counterclaim require a review of both the common-law and equity rights of cotenants, tenants in common, or coparceners, where an improvement is made by one of them on common property.

At common law no personal judgment may be rendered in favor of one joint tenant or tenant in common or coparcener against the other for or on account of an improvement made by the one on the common property, in the absence of both an allegation and proof of a previously or subsequently expressed or implied agreement to make compensation. Sweet v. Stevens, 63 S. W. 41, 23 Ky. Law Rep. 407.

While it is a general rule that one joint tenant, tenant in common, or coparcener may not have a judgment against the other for an improvement he has made on the common property, he ought to be charged with rents for such new improvement from the time they were made and this rent may be lessened by the price of the improvement so as to sink the rents, if sufficient; if not sufficient, then the balance of the rents ought to be charged against the improver; but in no event should the balance of the improvement be charged against the other cotenant or joint tenant or coparcener. Graham's Heirs v.

Graham, 6 T. B. Mon. 561, 17 Am. Dec. 166; Sweet v. Stevens, 63 S. W. 41, 23 Ky. Law Rep. 407; Suesskind v. Michael Hardware Co., 223 Ky. 59, 2 S. W. (2d) 1073.

The rule is that where the joint property is falling into decay, and one such tenant of his own means makes reparations to protect the common property or to make it habitable, he should be compensated therefor, with a lien to secure him. Alexander v. Ellison, 79 Ky. 148; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110; Armstrong v. Bryant, 16 S. W. 463, 13 Ky. Law Rep. 128. However, if the improver exclusively occupies the land at the time of the reparation, he is not entitled to a lien for the repairs made by him for his own use or convenience without an accounting for the benefits received by him. Sullivan v. Sullivan, 179 Ky. 689, 201 S. W. 24. If such joint owner who occupies the land claims, in good faith, the title to the whole, and improves it and increases the value of the whole estate, he is entitled to assert his lien to the extent of the increased vendible value of the whole. This rule applies whether the improvement is original or repairs. Wainscott v. McBroom, 203 Ky. 634, 262 S. W. 961; Summer v. Vinson, 211 Ky. 571, 277 S. W. 849; Wagner Coal Co. v. Roth Coal Co., 206 Ky. 572, 267 S. W. 1096.

If the common property is susceptible of a division, such joint owner who has improved the common property, without the consent of the other, in an action of partition, should have a quantity equal in average value of the whole tract allotted to the improver without regard to the improvement made by the other party as an ingredient of that value. If practical the improvement should be allotted to the party by whom it was made. Borah v. Archers, 7 Dana 176; Peters v. Noble, 196 Ky. 123, 244 S. W. 416; Nelson's Heirs v. Clay's Heirs, 7 J. J. Marsh. 138, 23 Am. Dec. 387; Ward v. Ward, 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449, 52 Am. St. Rep. 911. But if an equal division cannot be made without allotting the improvement made by the one party to the other, he who gets the improvement should be made to pay for it, but should be allowed rents. Respass v. Breckinridge's Heirs, 2 A. K. Marsh. 581.

The criterion in such case is the enhancement of the vendible value of the property by reason of the improvement. Dean v. O'Meara, 47 Ill. 120; Sarbach v. Newell,

30 Kan. 104, 1 P. 30; Ford v. Knapp, 102 N. Y. 135, 6 N. E. 283, 55 Am. Rep. 782.

Where the common property has been improved by one contenant, if in an action for partition the common property is not susceptible of a division, the improver on a division of the proceeds of a sale thereof, should be allowed the enhanced value of the whole by reason of the improvements, and not the cost of his improvements, whether the improvements were made with or without the consent of the other cotenant, tenant in common, or coparcener. Ward v. Ward, supra; Kurtz v. Hibner, 55 Ill. 514, 8 Am. Rep. 665; Respass v. Breckinridge, supra.

As regards the claim of the father and mother of deceased for the $2,500 alleged to have been expended by him in improving the property by the erection of the building thereon, the paragraph of the pleading asserting it fails to aver facts sufficient to bring their claim within any of the general principles as we have stated them. Another fatal defect in this paragraph of the answer is it fails to allege that the wife, after the improvement was made by the husband, had not reimbursed him. Though it set forth facts otherwise sufficient to constitute a cause of action on the claim for the improvement, the absence of this essential allegation alone renders the pleadings demurrable. Petty v. Petty, 220 Ky. 569, 295 S. W. 863.

The widow in every case may elect whether she will take dower or homestead; of course, she is not entitled to both. Redmond v. Redmond, 112 Ky. 760, 66 S. W. 745; Middleton v. Fields, 142 Ky. 352, 134 S. W. 180; Cryer v. McGuire, 148 Ky. 100, 146 S. W. 402, Ann. Cas. 1913E, 485; James v. Reeves, 185 Ky. 406, 215 S. W. 66.

Where it is impracticable to divide the property as in this case, the court may with the consent of the widow decree to her the money value of her dower according to the life tables. Hall v. Lomax (Ky.), 125 S. W. 245; Rich v. Rich, 7 Bush 53; Alexander's Exx. v. Bradley, 3 Bush 667; Lancaster v. Lancaster's Trustee, 78 Ky. 198; O'Donnell v. O'Donnell's Exr., 3 Bush 216.

The judgment is affirmed.