## Fryer et al. v. Klinglesmith et al.

(Decided June 14, 1932.)

JAMES & JAMES for appellants.

HAYNES CARTER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

On October 25, 1884, there was conveyed to A. S. J. Fryer and his wife, Finetta Fryer, a ten-acre tract of land located in the county of Hardin. Thereafter there was built on the land a dwelling house which he and his wife occupied jointly until her death in 1926. After her death A. S. J. Fryer continued in possession of the prem-

ises. No children were born of the marriage, and in the year 1930 Mrs. Fryer's nieces and nephews, who were her only heirs, brought this suit for a sale of the land and a division of the proceeds. By amended petition they sought a recovery of rents. In his answer and amended answer Fryer asserted a claim for improvements and contested the claim for rents. Under an order of reference the master commissioner found and reported that the value of the land without the improvements was $100, and with the improvements $500, and that the rental value of the land since the death of Mrs. Fryer was $60 a year with the improvements, and $20 a year without the improvements. This report was confirmed without exceptions. The land was then ordered sold and brought $455. The chancellor held that A. S. J. Fryer should account for rents on the basis of unimproved value, but rejected his claim for improvements. Fryer appeals, and from that portion of the judgment charging him with rents on the basis of unimproved value the heirs of Mrs. Fryer have prosecuted a cross-appeal.

In support of the judgment appellee relies upon Carpenter v. Hazelrigg, 103 Ky. 538, 45 S. W. 666, 20 Ky. Law Rep. 231, holding in substance that a claim for improvements made by the husband upon his wife's land cannot be enforced by him after her death as against her land. On the other hand, appellant insists that, where the husband and wife are joint owners of the land, the rule applicable to tenants in common is controlling, in view of section 2143, Kentucky Statutes, abolishing the right to the entirety by survivorship, and making the husband and wife to whom real property is conveyed or devised tenants in common "with all other incidents to such tenancy," and that an incident to such tenancy is that where one tenant improves the property, he on partition should be allotted the improvements, but if that cannot be done, and the land has to be sold for a division of the proceeds, he should be compensated to the extent that the improvements have enhanced the rental value of the land. Without determining whether the facts bring this case within the rule relied on by appellant, it must not be overlooked that where the husband, who is a tenant in common with his wife, asserts a claim for improvements, he must allege and prove, if denied, that he made the improvements, and had not been reimbursed therefor. Mastin v. Mastin's Admr., 243 Ky. 830, 50 S. W. (2d) 77.

Though appellant's answer and counterclaim contained the proper averments, these averments were denied by reply. Appellant's evidence as to the improvements was excluded. The only other evidence on the question was by A. J. Holbert, who stated that about forty or fifty years before he testified Mr. Fryer built a dwelling house on the land, and later on added an ell to it. He saw Mr. Fryer and his brother-in-law at work on the house. He also testified that Mrs. Fryer was an industrious woman. Thus it will be seen that there is an entire absence of evidence tending to show that appellant had not been reimbursed for the improvements. There is every reason for requiring such proof in a case like this. In view of the joint conveyance it is a fair inference that Mrs. Fryer had money and paid her part. The parties owned the land for forty years, and occupied it during a portion of that time. In the circumstances, mere proof that appellant and his brother-in-law built the house creates no presumption that the matter was not satisfactorily adjusted between himself and his wife. It follows that appellant's claim for improvements was properly rejected.

On the cross-appeal it is insisted that appellant since the death of his wife should be charged with rent on the property as improved, and not on the naked land. The point is well taken. If it had been shown that appellant paid for the improvements, and had not been reimbursed, a different question would be presented. He having failed to maintain the burden, the improvements will be treated as belonging jointly to himself and his wife, and he will have to account for rents on the basis of the improved value of the land. As appellant and his wife had no children, the Weissinger Act is controlling, and on the death of his wife he was entitled to a life interest in one-third of the land. Section 2132, Kentucky Statutes; Phillips v. Farley, 112 Ky. 837, 66 S. W. 1006, 23 Ky. Law Rep. 2201. Being the owner of a one-half interest in the land, including the improvements, and being entitled on the death of his wife to a life interest in one-third of his wife's one-half interest, or one-sixth, he should account for only one-third of the rental value of the land in its improved condition.

On the original appeal the judgment is affirmed, and on the cross-appeal the judgment is reversed, with directions to enter judgment in conformity with this opinion.